## Richmond

MILTON S. KLOTZ v. JAMES S. FAUBER.

May 25, 1972.

Record No. 7710.

Present, Snead, C.J., I'Anson, Gordon, Harrison and Harman, JJ.

*J. Forester Taylor* (*William E. Bobbitt, Jr.*, on brief), for plaintiff in error.

*Wayt B. Timberlake, Jr.* (*Timberlake, Smith, Thomas & Moses*, on brief), for defendant in error.

Per Curiam.

Plaintiff Milton S. Klotz brought this action to recover damages from James S. Fauber, a licensed real estate broker. Klotz alleges that Fauber failed to transmit to the owner of a tract of land Klotz's offer to buy that tract; that instead of transmitting Klotz's offer, Fauber

bought the land for his own account. The trial court sustained a demurrer to Klotz's amended motion for judgment and dismissed the action.

Klotz concedes that Fauber was an agent only for the seller. Nevertheless, Klotz alleges that Fauber breached a duty owing to him as a prospective buyer, and that the breach gave rise to a cause of action for damages. To sustain his position, Klotz relies on *Ward v. Taggart*, 51 Cal.2d 736, 336 P.2d 534 (1959); *Harper v. Adametz*, 142 Conn. 218, 113 A.2d 136 (1955); *Quinn v. Phipps*, 93 Fla. 805, 113 So. 419 (1927); *Amato v. Latter & Blum, Inc*, 227 La. 537, 79 So.2d 873 (1955). Under the rule of those cases, a real estate agent is liable to a prospective buyer when the agent fails to transmit the prospective buyer's offer and buys the property for his own account at a price equal to or less than the price the prospective buyer agreed to pay.

The amended motion for judgment in this case does not allege that Klotz agreed to buy the property at a price that equalled or exceeded the price paid by Fauber. So this case does not fall within the rule of the cases referred to in the preceding paragraph. We therefore affirm the lower court, leaving open the question whether that rule should be adopted in the future.

*Affirmed.*