## Richmond

### H-B LTD. PARTNERSHIP, CHERYL L. SWITZER, AND GEORGE R. VINCENT

### v.

### EDGAR C. WIMMER, INDIVIDUALLY AND TRADING AS STOP AND LOOK REALTY

August 30, 1979.

Record No. 771539.

Present: I'Anson, C. J., Carrico, Cochran, Harman, Poff, and Compton, JJ.

*James C. Wilkes, Jr.,* for appellants.
*George L. Gullette* (*Gullette & Vogel,* on brief), for appellees.

I'ANSON, C. J., delivered the opinion of the Court.

Plaintiffs, H-B Ltd. Partnership and Cheryl L. Switzer and George R. Vincent, individually and as General Partners of H-B Ltd. Partnership, filed their bill of complaint in the court below against the defendant, Edgar C. Wimmer, individually and trading as Stop and Look Realty, seeking an injunction preventing Wimmer from disposing of a 3.243-acre parcel of land in Stafford County and an adjudication that the parcel was held by Wimmer as constructive trustee for the benefit of the plaintiffs. Plaintiffs alleged that Wimmer breached his agency relationship by misrepresenting the price of the property, by taking title to the property in his own name, by refusing to convey it to them for the price he paid for it, and by attempting to make a secret profit at their expense, all in violation of his fiduciary duties.

At the conclusion of plaintiffs' evidence, the trial judge sustained defendant's motion to dismiss the suit on the ground that since there was no written agreement between the parties, the contract of agency was unenforceable under the statute of frauds, Code § 11-2(6a).

Plaintiffs contend that the trial judge erred in holding that the statute of frauds prevents the imposition of a constructive trust based on fraud and breach of confidence. The plaintiffs also assert that the defendant was estopped from asserting the statute of frauds as a defense. Defendant filed a motion to dismiss this appeal on the ground that a complete statement of the evidence was not before us. We dis-

agree, and the motion to dismiss is denied. Because we hold that the statute of frauds does not prevent the imposition of a constructive trust based on fraud, we find it unnecessary to consider whether the defendant was estopped from asserting the statute of frauds as a defense.

The narrative statement of facts signed by the trial judge shows the following: In November 1976, Switzer and Vincent, as General Partners of H-B Ltd. Partnership, entered into an oral agreement with Wimmer, a real estate agent, authorizing Wimmer to act as their agent in obtaining a sales contract for the purchase of commercial land near the Stafford County Courthouse.

The parcel of land involved was discovered by Vincent in December 1976, a few weeks after Wimmer had not been successful in obtaining a contract to purchase a different parcel for Switzer and Vincent. The owner of the land was not known, and there was no sales sign erected on the parcel. Wimmer agreed to look up the owner's name and address on the assessment records, to contact the owner, and to ascertain whether the property could be purchased and, if so, on what terms.

In January 1977, Wimmer advised Switzer and Vincent that he had met with the owner, who lived in Washington, D.C., and that she was asking $60,000 for the property. He also told them that his commission as their agent would be $5,000, making the total purchase price to Switzer and Vincent $65,000. Switzer and Vincent agreed to purchase the property from the owner and told Wimmer to draw up the contract. Wimmer also told Switzer and Vincent that he had $25,000 to contribute as a third party to their venture, but they replied that they were not looking for another partner.

In February 1977, Wimmer told Switzer that he feared the owner of the property might change her mind about the sale if he had to take the contract back to Stafford, Virginia, to get her and Vincent to sign it; consequently, he signed it himself as purchaser for $60,000. Wimmer told Switzer that he would assign the contract to Switzer and Vincent for $65,000: the purchase price plus the $5,000 commission.

On February 28, Wimmer presented a sales contract to Switzer and Vincent for their signatures. After executing on March 2 a written notice of partnership for H-B Ltd. Partnership, Switzer and Vincent on March 4 executed the contract prepared by Wimmer in the amount of $65,000.

In early May, Wimmer told Switzer and Vincent that they would have to bear an additional closing cost of $1,250, and a second contract was drawn up by Wimmer to reflect this additional sum. How-

ever, before Switzer and Vincent signed the contract, they learned that a deed conveying the property had been recorded in the Clerk's office of Stafford County on May 23, 1977. In this deed Nelsie Smith, the owner, had conveyed the Stafford parcel to Wimmer for $36,000, and a purchase money deed of trust had been recorded simultaneously. Switzer and Vincent both testified that, prior to learning of this deed, they had no idea that Wimmer had misrepresented the price the owner was asking. They further testified that they were ready, willing and able to settle on acquisition of the subject property at the actual price of $36,000 required by the owner.

The issue presented is whether the statute of frauds prevents the plaintiffs from maintaining the suit to establish a constructive trust based on fraud and breach of faith.

Code § 11-2 (Repl. Vol. 1978), reads, in pertinent part:

"No action shall be brought . . .

. . . .

"(6a) Upon any agreement or contract for services to be performed in the sale of real estate by a party defined in § 54-730 [real estate broker] or § 54-731 [real estate salesman] . . .

. . . .

"Unless the . . . agreement . . . or some memorandum or note thereof, be in writing and signed by the party to be charged . . . ."

■ The legislative objective in enacting the statute requiring real estate services agreements and contracts to be in writing was to avoid frauds and perjuries, not to act as a bar to action by principals against their agents for fraud or breach of confidence. In short, this section of the statute of frauds was intended to protect the public from unscrupulous real estate agents and brokers, not to act as a shield behind which agents and brokers could seek refuge when their principals charge them with fraud or breach of faith. The purpose of Code § 11-2(6a) is to prevent fraud, not to protect the perpetrators of it. *T . . . v. T . . .,* 216 Va. 867, 871-72, 224 S.E.2d 148, 151 (1976); *Reynolds* v. *Dixon,* 187 Va. 101, 106, 46 S.E.2d 6, 8 (1948).

■ An agent is a fiduciary with respect to the matters within the scope of his agency. A fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence. *Horne* v. *Holley,* 167 Va. 234, 241, 188 S.E. 169, 172 (1936).

When an agent is employed on an oral agreement to purchase real property for his principal, and buys the property with his own funds and takes a conveyance to himself, thereby violating his fiduciary relationship with his principal, he will be deemed in equity to hold the title thereto as a constructive trustee for the principal. *Id.* at 241, 188 S.E. at 172; *Matney* v. *Yates,* 121 Va. 506, 516-18, 93 S.E. 694, 697-98 (1917). *See also Arndt* v. *Vos,* 83 Mich. App. 484, 487, 268 N.W.2d 693, 695 (1978); *Starkweather* v. *Shaffer,* 262 Or. 198, 203-05, 497 P.2d 358, 360-61 (1972); *Krzysko* v. *Gaudynski,* 207 Wis. 608, 614-15, 242 N.W. 186, 189 (1932); G. Bogert, *Trusts and Trustees* § 487, at 356-60 (rev. 2d ed. 1978); Annot., 27 A.L.R.2d 1285, 1292-95 (1953). A constructive trust may be invoked even though the agreement out of which it arose is not legally enforceable. The invoking of a trust is not enforcing the contract but is invoking equitable relief from a fraud or breach of confidence. A trust arises by virtue of the relationship, and the cases do not require that the agency relationship be a legally enforceable one. Hence, a constructive trust may be proved by oral testimony and the statute of frauds is not a bar to the prosecution of such cases. *Sutton* v. *Sutton,* 194 Va. 179, 185, 72 S.E.2d 275, 278 (1952); *Horne* v. *Holley, supra,* 167 Va. at 240, 188 S.E. at 172. *See also Whewell* v. *Cox,* 54 Ill. App. 3d 179, 369 N.E.2d 330 (1977); *O'Bryan* v. *Bickett,* 419 S.W.2d 726, 728 (Ky. 1967); *Arndt* v. *Vos, supra,* 83 Mich. App. at 488, 268 N.W.2d at 695; *Rhine* v. *Miller,* 583 P.2d 458 (Nev. 1978); *Harris* v. *Dunn,* 55 N.M. 434, 234 P.2d 821, 822-23 (1951).

In the present case, the uncontradicted evidence shows that Wimmer was employed by Switzer and Vincent as their agent to ascertain the owner of the property in question and to negotiate on their behalf for its purchase. Wimmer fraudulently and in breach of faith and confidence reposed in him by his principals had the property conveyed to himself. By misleading Switzer and Vincent into believing that the sales price was $60,000, Wimmer would have made a secret profit of $24,000 for himself in addition to a real estate agency commission of $5,000. The unconscionable conduct of Wimmer was a breach of the confidence and faith reposed in him by his principals. Hence, under the uncontradicted evidence, a constructive trust was created by operation of law and Wimmer held the property as trustee for Switzer and Vincent. The object of this suit was to establish a constructive trust, not to enforce a contract. Since the constructive trust is not within the statute of frauds, the trial court erred in dismissing plaintiffs' suit on the ground that the oral agreement was in violation of the statute of frauds and thus unenforceable.

The decree of the court below is reversed and set aside, and the cause is remanded and reinstated on the docket in the court below for a new trial not inconsistent with this opinion.

*Reversed and remanded.*