## CIRCUIT COURT OF FAIRFAX COUNTY

Gerald F. Messer et al.

v.

Re/Max Properties, Inc., et al.

March 11, 1985

Case No. (Law) 66597

By JUDGE J. HOWE BROWN

This matter comes before me on Defendants' Demurrer. After hearing argument of counsel and reviewing the pleadings and memoranda submitted to the Court, it is my decision that the Demurrer be sustained as to Counts II and III and overruled as to Counts I and IV.

Count I seeks recovery on behalf of the buyer against the seller's agent based upon fraud. It is alleged that on the multiple listing card, the agent represented that the real estate had conventional financing and that the buyer was required to obtain a new loan. In fact, it is alleged, the real estate had VA financing which was assumable by a qualified buyer, which the Plaintiffs allege they were. It is alleged that the agent knew the representations of fact were untrue.

The agent owed his duty of loyalty to the seller. The agent's duty to the seller is a fiduciary duty. The agent owed no fiduciary duty to the buyer; a fiduciary cannot serve two masters. *Ferguson v. Gooch*, 94 Va. 1 (1896); *H-B Partnership v. Wimmer*, 220 Va. 176 (1979). This does not mean that the seller's agent may misrepresent with impunity present facts to the buyer, anymore than the

seller himself would be able to do. A vendor who intentionally misrepresents a material fact to a buyer upon which the buyer reasonably relies to his detriment is liable to that buyer. *Packard Norfolk v. Miller*, 198 Va. 557, 563 (1956). No less duty to the buyer is required of the seller's agent. Count I states a cause of action against the agent for fraud. The issues of reasonable reliance, duty to investigate the facts, and "dealer's talk," and other defenses are all matters for trial. There is, however, no sufficient allegation of actual malice to support punitive damages. *Jordan v. Sauve*, 219 Va. 448 (1978). The punitive damage claim in Count I is dismissed, and the demurrer to that Count is otherwise overruled.

Count II purports to hold the seller's agent liable to the buyer for breach of the realtor's code of ethics and the regulations of the profession. Such professional standards and ethics may not be used as the basis for a personal cause of action. They are meant for internal regulation of conduct and do not set the standard of care toward third parties. *Ayyildiz v. Kidd*, 220 Va. 1080 (1980). Count II is dismissed.

Count III alleges a breach of fiduciary duty. The Supreme Court in *Klotz v. Fauber*, 213 Va. 1, 189 S.E.2d 45 (1972), left open the question whether the seller's agent may owe a duty to the buyer not to deal for the agent's account. There is no allegation of self-dealing here, and the facts of this case do not fit the rule discussed in *Klotz*. Under the facts as alleged in this case, I rule there is no fiduciary duty owed by the seller's agent to the buyer. Count III is dismissed.

Count IV alleges a breach of the Virginia Consumer Protection Act. Virginia Code Section 59.1-198(A) defines a consumer transaction as "advertisement, sale, lease or offering for sale or lease, of goods or services . . . and (ii) transactions involving purchase money loans made by lenders . . . ." Real estate is included as "goods" under § 59.1-198(B). Virginia Code Section 59.1-198(C) defines a supplier as ". . . a seller or lessor . . . or a manufacturer or distributor . . . ." A real estate agent is analogous to a distributor. The Virginia Consumer Protection Act applies to acts done by a supplier in connection with a consumer transaction. The transaction in

this case is covered by the Act. The demurrer to Count IV is overruled.