50

## CIRCUIT COURT OF FAIRFAX COUNTY

Gromelski

    v.

Mount Vernon Realty, Inc., et al.

September 27, 1988

Case No. (Law) 82478

By JUDGE THOMAS A. FORTKORT

This case is before the Court on the defendants' motion for summary judgment. The plaintiff brought suit against the sellers and the real estate agents involved in her purchase of a home. The causes of action included breach of oral express and implied contract warranties and actual and constructive fraud. The plaintiff alleges that she hired the agent to provide her with financial and real estate investment advice. The agent advised her to buy the home that is the subject of this action, which turned out to have flooding problems and other structural defects. The agent was familiar with the home because she had been the rental agent for the property for five years. She told the plaintiff that the property was in good condition and a sound investment.

The defendants' first argument in support of the motion is that the action is barred by the statute of frauds because it is a contract for services performed in the sale of real estate. The plaintiff counter-argues that the contract at issue was for real estate investment advice and inspection services which are not "the *sale* of real estate."

The services here are sufficiently related to the sale of land to be deemed "services to be performed in the sale of real estate." Real estate brokers provide advice about home financing and screen homes for buyers. In this case, the contract ultimately led to the sale of a home to the plaintiff.

However, the plaintiff also argues that the application of this statute to these facts would contravene the intent of the statute. The statute "was intended to protect the public from unscrupulous real estate agents and brokers, not to act as a shield behind which agents and brokers could seek refuge when their principals charge them with fraud or breach of faith." *H-B Partnership v. Wimmer*, 220 Va. 176 (1979). The Court finds that the statute of frauds will not bar the plaintiff from recovery against the real estate agent.

The defendants also argue that the claim for punitive damages is not supported by sufficient facts and that the plaintiff has not pled ratification by the real estate company of the acts of its agent. The mere coupling of Mt. Vernon Realty, Inc., and their agent, Ellen Cordrey in the allegations of fraudulent misrepresentation is insufficient to allege an action for exemplary damages against the principal, Mt. Vernon Realty, Inc. While the allegation of fraud against an agent is sufficient to bind the principal under the doctrine of respondeat superior because the principal is responsible for the torts of its agents, the same does not apply in the case of exemplary or punitive damages. When plaintiff does not allege an act of ratification of the agent's conduct by the principal, the ordinary rule that the principal is not bound by the gross negligence of its agent applies, and plaintiff cannot recover punitive damages against the principal, Mt. Vernon Realty, Inc.

The defendants' motion for summary judgment on Count I for breach of contract warranties is denied. The defendants' motion for summary judgment as to punitive damages is granted.