## CIRCUIT COURT OF FAIRFAX COUNTY

Coldwell Banker
Residential Real Estate, Inc.

 v.

Stanley G. Leftwich

Case No. (Law) 89827

Shannon & Luchs Co.

 v.

Stanley G. Leftwich

Case No. (Law) 90301

July 7, 1989

By JUDGE J. HOWE BROWN

These matters are before the Court on defendant's Demurrer and Demurrer/Plea of Statute of Frauds and the oppositions thereto. For the reasons set forth below, the Demurrers and plea in bar are overruled.

On July 22, 1988, defendant entered into an exclusive Listing Agreement to sell the real property he owned at 3909 Belle Rive Terrace, Alexandria, Virginia (the Property) with plaintiff, Shannon & Luchs Company (Shannon & Luchs). On October 1, 1988, plaintiff, Coldwell Banker Residential Real Estate, Inc. (Coldwell Banker) pursuant to a subagency agreement presented a ready, willing, and able purchaser who agreed to purchase the Property in accordance with the terms of the Listing Agreement. Defendant refused to sell the Property upon the terms set forth in the Listing

Agreement and has refused to pay the commission set forth in the Listing Agreement.

Defendant's Demurrers and Plea of Statute of Frauds rely upon the Statute of Frauds and the terms of the written contract in asserting that the Listing Agreement cannot be orally extended. The issue presently before the Court is whether a written Listing Agreement that is within the Statute of Frauds can be orally extended.

Virginia Code § 11-2 (Repl. Vol. 1978) provides in pertinent part:

> No action shall be brought . . . .
>
> (6a) Upon any agreement or contract for services to be performed in the sale of real estate by a party defined in § 54-730 [real estate broker] or § 54-731 [real estate salesman].
> . . .
> Unless the . . . agreement· . . . or some memorandum or note thereof be in writing and signed by the party to be charged . . . .

The language of Virginia Code § 11-2(6a) clearly requires that the Listing Agreement which the parties entered into be in writing.

Plaintiffs argue that the Statute of Frauds should not preclude the finding of an oral extension based on the Court's holding in *Murphy v. Nolte & Co.*, 226 Va. 76, 307 S.E.2d 242 (1983). In *Murphy*, the Court stated that:

> the inquiry here is whether there is sufficient written evidence, signed by the sellers, authorizing Nolte to act as their agent to secure a buyer for the property at a specific price in return for a commission.

*Id.* at 81, 307, S.E.2d at 245. The Court held that:

> Consequently, while the whole services agreement is not memorialized by the writing, nevertheless, the references in the sales contract are sufficient to remove the oral agreement from the operation of the Statute of Frauds. The law

> does not require that the whole contract be in writing to be enforced when, as here, the memorandum relied on contains the essential terms of the agreement.

*Id.*, at 82, 307 S.E.2d at 245, *citing*, *Reynolds v. Dixon*, 187 Va. 101, 106, 46 S.E.2d 6, 8 (1948).

In *Murphy*, the Court held that a services agreement could be found by reference to a written sales contract which provided the essential terms of the agreement removing the oral agreement from the Statute of Frauds. In the present proceeding, the Listing Agreement contains all the essential terms.

In *H-B Partnership v. Wimmer*, 220 Va. 176, 257 S.E.2d 770 (1979), the Court examined the legislative purpose and intent of Virginia Code § 11-2(6a) and concluded that:

> In short, this section of the Statute of Frauds was intended to protect the public from unscrupulous real estate agents and brokers, not to act as a shield behind which agents and brokers could seek refuge when their principals charge them with fraud or breach of faith. The purpose of Code § 11-2(6a) is to prevent fraud, not to protect the perpetrators of it.

*Id*. at 179, 257 S.E.2d at 773 (citations omitted).

The Supreme Court's holding in *Murphy* and the legislative purpose and intent of Virginia Code § 11-2(6a) as set forth in *Wimmer* requires the Court to conclude that the oral extension of the Listing Agreement is enforceable where the essential terms of the contract have been set forth in the Listing Agreement.

The Court concludes that the failure of plaintiffs to reduce to writing the oral extension of the Listing Agreement does not preclude them from proceeding with their cause of action for the recovery of the commission set forth in the Agreement. Accordingly, the Demurrers and Plea of Statute of Frauds are overruled.