## CIRCUIT COURT OF FAIRFAX COUNTY

Young

v.

Young

August 24, 1990

Case No. (Chancery) 112359

■■■■■■

By JUDGE ROSEMARIE ANNUNZIATA

Defendant's demurrer, which is presently under advisement, challenges plaintiff's Bill of Complaint on the ground the statute of frauds has been violated. Having considered the pleadings, the arguments of counsel, and the relevant law, I conclude that defendant's demurrer must be overruled on the grounds stated below.

The factual context of the issue arises from an agreement to convey real estate from the complainant to the complainant and defendants as joint tenants with common law rights of survivorship. (Paragraph 2, Bill of Complaint). The conveyance was made contingent on the defendants' execution, in favor of the complainant, of a full and complete power of attorney over the property. (Paragraph 3, Bill of Complaint). The property was conveyed by deed, and a power of attorney was provided to the complainant by each defendant. Paragraphs 2 and 4. The complainant claims the defendants subsequently wrongfully removed and recorded a rescission of the powers of attorney. As a result, complainant seeks rescission of the contract and reconveyance of the property to him, invoking the legal theories of fraud, unjust enrichment and constructive and implied trust in support of his claims.

The statute of frauds does not require that a contract within its purview be written. The statute merely prevents enforcement of an oral contract to convey land. *Drake v. Livesay*, 231 Va. 117, 341 S.E.2d 186 (1986). Since Va. Code Ann. § 11-2 (Supp. 1990) deals only with the legal enforceability of contracts, it is my judgment that, since this action seeks not enforcement but rescission, the statute of frauds doctrine is inapplicable.

Further, where, as here, a constructive (or implied) trust is invoked, the action cannot be treated as one to enforce a contract, at least as to those Counts. In such cases, the statute of frauds in inapplicable. *H-B Ltd. Partnership v. Wimmer*, 220 Va. 176, 257 S.E.2d 770 (1970).

It should also be noted that even were the Bill of Complaint read as seeking enforcement, the statute of frauds will not be enforced if the effect of its enforcement is to perpetrate a fraud or wrongdoing. *H-B Ltd. Partnership v Wimmer, supra*; *T. v. T.*, 216 Va. 867, 224 S.E.2d 148 (1976) (promissory estoppel as basis for avoidance of statute of frauds); *see also, Ross v. Middleburg*, 42 S.E.2d 185 (W. Va. 1947). The allegations set forth are sufficient to invoke estoppel as a basis for avoiding the claimed operation of the statute of frauds in this case.

In summary, whether the pleading is read as seeking rescission or seeking the establishment of a trust, it is clear that the enforceability of the oral contract is not at issue and that the statute of frauds may not be invoked.