## CIRCUIT COURT OF FAIRFAX COUNTY

Fleet Finance

v.

Burke & Herbert Bank
and Trust et al.

January 28, 1992

Case No. (Chancery) 122305

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the Demurrer of defendants Burke & Herbert Bank and Trust and David D. Elsberg, Trustee, to the plaintiff's Bill of Complaint. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the defendants' Demurrer is overruled with respect to the plaintiff's claim of fraud alleged in Count II of the Bill of Complaint. The Demurrer is sustained as to the claims of fraudulent conveyance stated in Count I and breach of fiduciary duty stated in Count III of the Bill of Complaint.

The events giving rise to this litigation are disclosed in the plaintiff's initial pleading. The plaintiff asks that the Court set aside the foreclosure sale of the property located at 7140 Dominion Drive, McLean, Virginia, conducted by defendant David Elsberg on June 26, 1991.

At the time of the foreclosure sale, the defendants Robert A. Alden and Diane C. Alden owned the property, which was encumbered by three deeds of trust securing loans made to the Aldens. The first deed of trust recorded on July 7, 1988, secured a loan from the defendant Burke & Herbert Bank and Trust in the amount of $550,000.00. The Aldens and Burke & Herbert later modified this

deed of trust, increasing the loan amount to $732,000.00. They recorded the modification on March 31, 1989. The plaintiff Fleet Finance extended a second loan to the Aldens in the amount of $400,000.00, and this loan was secured by a second deed of trust recorded on September 15, 1989. Burke & Herbert provided a third loan to the Aldens in the amount of $98,000.00 and recorded the third deed of trust on October 29, 1990.

Fleet Finance claims that within months after the Aldens executed the third deed of trust, they had difficulties meeting their loan obligations to Burke & Herbert. When refinancing negotiations between Burke & Herbert and the Aldens failed, Burke & Herbert began procedures to foreclose on the property. On May 8, 1991, Burke & Herbert substituted the defendant David Elsberg for the trustees named in the first deed of trust. Elsberg conveyed a trustee's deed to Burke & Herbert on June 26, 1991, which recites foreclosure under the first deed of trust and notes in the margin that Burke & Herbert directed foreclosure on the property, that Burke & Herbert was the sole bidder at the sale, and that it bid $800,000.00, which was less than the total indebtedness under the first deed of trust.

Fleet Finance contends that appraisals of the property at this time showed a fair market value of approximately $1,250,000.00. The plaintiff also claims that Burke & Herbert and the Aldens agreed that the Aldens would remain in possession of the property and that the Aldens could possibly reacquire the property from Burke & Herbert within six months of foreclosure.

The Bill of Complaint requests that the Court set aside the foreclosure sale of June 26, 1991, and that the Court supervise a new foreclosure sale of the property. The plaintiff bases its request on three legal theories given as counts in the Bill of Complaint. Count I claims that the foreclosure sale constituted a fraudulent conveyance because Burke & Herbert:

> consciously avoided notifying Complainant Fleet of the event of foreclosure, as sole bidder bid an amount below the indebtedness secured by the first deed of trust and substantially below what it knew to be fair market value, and has engaged in negotiations with Defendant Robert Alden to reconvey the Property back to the Aldens, all with the purpose and intent of eliminating Fleet's security interest in the Property and improving Burke & Herbert's security for the loans.

Bill of Complaint, para. 21. In response to this charge, the defendants' Demurrer argues that the fraudulent conveyance statute given in § 55–80 of the Virginia Code speaks to the actions of debtors/borrowers rather than to the actions of trustees and thus would concern only fraudulent actions of the Aldens. The defendants also claim that the duties of the trustee prior to a foreclosure sale stated in § 55–59.2 of the Virginia Code require notice only to the current owners of the property.

The Court sustains the Demurrer as to Count I of the Bill of Complaint because as the defendant contends, Count I does not state a claim for fraudulent conveyance under Virginia Code § 55–80. In the present case, David Elsberg as trustee under the first deed of trust conducted the foreclosure sale in full compliance with Virginia statutory law, and thus the sale enjoys a presumption of validity. The fraudulent conveyance statute given in § 55–80 does not contemplate a trustee's actions taken pursuant to legal foreclosure proceedings. The Court therefore sustains the defendants' Demurrer as to the fraudulent conveyance claim given in Count I of the Bill of Complaint.

In Count II of the Bill of Complaint, Fleet Finance asserts two reasons that the defendants' actions constitute fraud. First, the plaintiff claims that David Elsberg occupied a conflicting position of confidence with respect both to Burke & Herbert, because Elsberg had acted as its counsel on prior occasions, and to the Aldens and Fleet Finance, because Elsberg owed these parties an obligation to use best efforts to obtain maximum value for the property at the foreclosure sale. Second, the plaintiff contends that since the foreclosure sale was conducted without notice to Fleet Finance, the sale was not conducted in a fair and reasonable manner and is tainted by fraud.

In response the Count II of the bill of Complaint, the defendants argue that fraud was not properly alleged in the Bill of Complaint because the plaintiff failed to claim intentional misrepresentation by the defendants.

The Court finds that the allegation of fraud is sufficient to survive the Demurrer. While intentional misrepresentation by a defendant and reliance by a plaintiff must be alleged as the basis for an action at law for fraud and deceit, *see Lloyd v. Smith*, 150 Va. 132 (1928), a claim brought in equity for fraud requires no such strict pleading. Here the plaintiff has stated a claim for fraud which invites equitable

relief; because no adequate remedy at law exists, the authority of the equity court to grant relief is invoked. *Metcalf v. Williams*, 104 U.S. 93 (1881). In a case such as this one, where the facts alleged by the plaintiff demonstrate the defendants' use of the law to improve their financial position through a procedure that can only be described as sharp dealing, the Court is compelled to examine general equitable principles of law to achieve a remedy.[1] "A court of equity, which looks to substance and not merely to form of transaction, may be resorted to in order to prevent a fraud." *Cooper v. Gregory*, 191 Va. 24, 31, 60 S.E. 50 (1950).

Finally, in Count III of the Bill of Complaint, the plaintiff claims breach of fiduciary duty on the part of the trustee David Elsberg because Elsberg failed to notify Fleet Finance of the foreclosure sale. The defendants demur on this matter, claiming that the trustee owed no duty of any kind to Fleet Finance. The Court finds on this issue that Virginia law does not impose fiduciary duties on trustees beyond those duties owed to the parties under the deed of trust. Fleet Finance was not a party to the first deed of trust which designated David Elsberg as trustee; therefore Fleet Finance has no cause of action for breach of fiduciary duty under this deed of trust. Even if the Court were to conclude that Elsberg did owe a fiduciary duty to Fleet Finance, the Court would be obliged to consider the duty fully discharged as the trustee's actions conformed to the Virginia statutory law regarding foreclosure sale. The Court therefore sustains the Demurrer as to Count III of the Bill of Complaint.

> Under ordinary circumstances it is sufficient if the trustee gives notice required by the deed of trust, and no personal notice is necessary to the holder of the equity of redemption or the junior lienholder. But there can be unusual circumstances under which common fairness would require a notice brought home to the owner or junior mortgagee, such as, for instance, when the mortgagee or the trustee has lulled the owner of the equity into a false sense of security. In such instances, the failure to give notice could amount to fraud. [Citations omitted.]

---

[1] The Court notes that at least one other jurisdiction has recognized that even in the absence of a statutory requirement or obligation in the deed of trust, particular circumstances would compel a senior creditor to give personal notice of a foreclosure sale to a junior creditor.

*Hrovat v. Bingham*, 341 S.W.2d 365 (1960). While the Missouri Court of Appeals cites here only cases in which a homeowner has been misled by a trustee, the court does refer as well to the junior mortgagee as deserving of notice in situations calling for "common fairness." Such reasoning is particularly fitting for courts of equity to apply, and in a case such as that presently before the Court, may be precisely suited to advancing the plaintiff's request for equitable relief.