## CIRCUIT COURT OF LOUDOUN COUNTY

Brent Sedler

v.

Select Properties, Inc.,
d/b/a RE/MAX Select Properties,
and RE/MAX Select Properties, Inc.

Case No. (Law) 31489

BY JUDGE JAMES H. CHAMBLIN

June 18, 2004

This case came before the Court on June 4, 2004, to be heard on the Plea in Bar of the Defendant to Plaintiff's Motion for Judgment. The Plea in Bar asserts that the Plaintiff's claim is barred by the applicable statute of limitations. The Plaintiff asserts that the statute of limitations has been tolled by the Soldiers' and Sailors' Civil Relief Act ("SSCRA") because he has been on active duty with the United States Air Force since the cause of action arose.

After consideration of the argument of counsel, the Plea in Bar is overruled.

The Plaintiff filed his Motion for Judgment herein on April 26, 2004. He claims that the Defendant breached a fiduciary duty to him arising out of a real estate transaction in September 2000. The Defendant asserts that the two-year statute of limitations of Va. Code § 8.01-248 bars the claims of the Plaintiff.

The Plaintiff argues that the statute of limitations is tolled because he has been on active duty with the United States Air Force since the cause of action

arose. The Defendant agrees that the Plaintiff has been on active duty, but claims that he waived any application of the SSCRA because he filed a prior suit based on the same cause of action but against a different defendant.

Plaintiff's claim is based on a breach of fiduciary duty by an escrow agent. In the prior suit filed by the Plaintiff he asserted the same claim asserted here, but against a different defendant. In March 2004, this Court ruled that the Plaintiff had brought suit against the broker, not the escrow agent involved in the real estate transaction. As a result, the prior suit was dismissed with prejudice. See order entered March 29, 2004, in *Brent Sedler et al. v. Alice Stakem, d/b/a RE/MAX Select Properties, Inc.*, At Law 27376. This order is being appealed by the Plaintiff.

The Defendant asserts that the Plaintiff somehow waived any benefit of the SSCRA in this case when he filed this suit. The parties argued that § 525 is the applicable provision of the SSCRA. However, the relevant section is 50 U.S.C. Appx. § 526(a) (2004) which provides:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court . . . of a state . . . by or against the servicemember. . . .

This provision could not be clearer. There are no provisions of the SSCRA concerning a waiver of its application after a service member first files suit on a particular cause of action. The cases cited by the Plaintiff are not on point.

*Conroy v. Aniskoff*, 507 U.S. 511 (1993), makes it clear that the servicemember need not show prejudice. The only relevant factor is military service. Once it is shown, the period of limitations is automatically tolled for the duration of military service. *In re A. H. Robins Co.*, 996 F.2d 716 (4th Cir. 1993); *Ricard v. Birch*, 529 F.2d 214 (4th Cir. 1975).

I find that the Plaintiff did not waive the benefit of the SSCRA by filing the prior suit based on the same cause of action, but against the wrong defendant. The Plaintiff's continuous military service tolls the statute of limitations. The Plea in Bar is overruled.

January 24, 2005

This case came before the Court on January 5, 2005, for trial without a jury on the claim by the Plaintiff, Brent Sedler, against the Defendant, Select Properties, Inc., d/b/a RE/MAX Select Properties, and RE/MAX Select

Properties, Inc., for damages for breach of fiduciary duty by an escrow agent under a real estate sales contract.

After consideration of the evidence and the argument of counsel, I find that the Defendant, as an escrow agent under a real estate sales contract in which the Plaintiff was a seller, had a fiduciary duty to the Plaintiff, that Defendant breached its fiduciary duty, and that the breach did cause the damages claimed by the Plaintiff. Accordingly, judgment is granted in favor of the Plaintiff in the amount of $13,201.39 plus prejudgment interest from October 17, 2000, and costs.

As is always a preferred practice and one which helps me as the trier of fact, the parties stipulated to most of the evidence. See Plaintiff's and Defendant's Joint List of Stipulations filed January 3, 2005. Given the facts stipulated to, there is no need to recite herein any other evidence except to the extent needed to explain my decision.

Several issues are raised in this litigation. Each is addressed below.

### Escrow Agent's Fiduciary Duty

Under the provisions of paragraph 5 of the real estate Sales Contract dated September 7, 2000, (Plaintiff's Exhibit A) ("the Contract") between the Plaintiff and his wife, as sellers, and National Orphans & Widows Assistance ("NOWA"), the Defendant was to hold the deposit of $5,000.00. See Plaintiff's Exhibit A. Under the Contract, the Defendant was to hold the deposit in escrow until "(i) credited toward the sales price at settlement; (ii) all parties have agreed in writing as to its disposition, (iii) a court of competent jurisdiction orders disbursement and all appeal periods have expired; or (iv) disposed of in any manner authorized by the laws and regulations of the appropriate jurisdiction."

A fiduciary relationship arises when a special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 446 (1984); *H-B Partnership v. Wimmer*, 220 Va. 176, 179 (1979). The duties imposed on the escrow agent under the Contract places a special confidence in the Defendant binding it to act in good faith with respect to the deposit. Clearly, the Defendant had a duty under the Contract to hold and apply the deposit as required by the Contract. If a person receives money not his own to hold and distribute as required by an agreement or by law, then that person is a fiduciary. It is no different than the duty imposed upon an executor or a trustee. The mere fact of holding someone else's money with a specific duty to apply it creates the fiduciary relationship.

### Breach of Fiduciary Duty

A part of any fiduciary relationship is the obligation on the fiduciary to tell his principal about anything "which might affect the principal's decision whether or how to act." *Owen v. Shelton*, 221 Va. 1051, 1054 (1981). The Plaintiff claims that the Defendant breached its fiduciary duty by delaying in telling him that NOWA had given it two checks for the deposit, one on which payment was stopped and the other being dishonored. I agree with the Plaintiff.

The Defendant was not a stranger to the whole transaction, the Sales Contract, and the Possession by Purchaser Agreement (Plaintiff's Exhibit B) (the "Possession Agreement"). The Defendant was aware of both agreements. The Defendant's agent delayed almost a month in depositing the first deposit check. The Defendant's agent knew that keys to the property had been given to NOWA when it discovered that the first deposit check had not been honored due to a stop payment order.

The Defendant also knew that the first deposit check had been dishonored when NOWA was not able to settle on the settlement date set in the Contract, November 15, 2000. If the Plaintiff had been advised timely that the first deposit check had been dishonored, then he could have taken steps to prevent NOWA from taking possession and/or exercised his rights under the Contract for NOWA's default in not settling by November 15, 2000. The delay in notifying the Plaintiff until December 1, 2000, deprived the Plaintiff of the opportunity of exercising his rights.

The Defendant raised the issue of how long an escrow agent may have to inform his principal that the check had been dishonored. It must depend upon the circumstances. There is no evidence that the Defendant did not know how to contact the Plaintiff. It seems to me that it would have been reasonable for the Defendant to have advised the Plaintiff within twenty-four hours of the dishonor of the first deposit check. Waiting from October 16, 2000, to December 1, 2000, is clearly not within a reasonable time.

The failure of the Defendant to timely inform the Plaintiff of the dishonored deposit checks is a breach of its fiduciary duty.

### Damages

The Plaintiff claims that all the lost rent and the expenses he and his wife incurred as set forth on the list of "Resulting Damages" (Plaintiff's Exhibit F) were directly caused by the Defendant's breach of its fiduciary duty.

To be recoverable, all the damages claimed must have been reasonably foreseeable at the time of the breach. Within twenty-four hours after the Defendant discovered that the first deposit check had been dishonored, it would have then been reasonably foreseeable that NOWA might not in the future perform under the Contract and/or the Possession Agreement, both of which required NOWA to pay money. Stopping payment is a voluntary act, one that does not occur by accident, and an act that is reasonably indicative of an intention not to go forward with the Contract and/or the Possession Agreement.

It would have been reasonably foreseeable after learning of the stop payment by NOWA that it might not be able to perform under either agreement. NOWA actually took possession after the Defendant learned of the stop payment, and the Plaintiff was unaware of the dishonored first deposit check when he decided not to take advantage of the default provisions of the Contract when NOWA did not settle as required on November 15, 2000.

I find that the Defendant is liable to the Plaintiff for all the damages claimed by him. All the damages were reasonably foreseeable. It was reasonably foreseeable that NOWA would take possession, not perform under the Contract and/or the Possession Agreement, and the Plaintiff would be required to take action to evict NOWA, collect unpaid rent, and clean and repair the property for placing it back on the market. The Defendant knew that the Plaintiff would have to come to Virginia to take care of these things and incur expenses related to doing so.

I do not agree that the escrow agent's liability should be limited to the amount of the deposit, $5,000.00. This is not a case where the escrow agent lost or squandered the deposit or failed to pay over or account for the deposit. Here the escrow agent failed to act in good faith as required by a fiduciary. The Defendant failed to fulfill a simple and straightforward obligation without sufficient justification. If a fiduciary is required to hold money for another and that money never materializes, then it is a basic and natural obligation of the fiduciary to let the principal know as soon as reasonably possible. A failure to do so subjects the fiduciary to liability for all damages reasonably foreseeable at the time of the breach.