## CIRCUIT COURT OF LOUDOUN COUNTY

Cardinal Bank, N.A.

v.

Britt Construction, Inc.

December 7, 2004

Case No. (Chancery) 24347

BY JUDGE THOMAS D. HORNE

Complainant, Cardinal Bank, N.A., has filed a "Motion for Expedited Declaratory Relief Regarding Enforceability of Contractual Provisions Related to an Ongoing Construction Project" in support of its Bill of Complaint for Declaratory Relief. Va. Code Ann. § 8.01-184, *et seq.* In the action for declaratory relief, Cardinal Bank requests that the Court find any present and future lien rights of the defendant contractor in the Construction Project subordinate to the lien of the Bank's mortgage on "the Property". Cardinal Bank relies upon the provisions of the "Agreement of the General Contractor" dated June 16, 2003, a copy of which is attached and made a part of the Bill of Complaint.

It is the contention of Cardinal Bank that a genuine controversy exists between the parties based upon Britt's refusal to honor the subordination provisions of the Agreement. Cardinal Bank learned of a dispute between the Project Owner and Britt in connection with the Project. Upon learning of these conflicting claims of default, Cardinal Bank, as a precondition to disbursing further loan proceeds, demanded that Britt needed to reaffirm that Britt's lien rights were subordinate to those of the bank. Rather than reaffirming the rights of Cardinal Bank, Britt responded that the subordination agreement was of no force and effect.

Cardinal Bank contends that prompt relief is required because the ongoing project is affected by Britt's rejection of the subordination agreement.

It is suggested by Cardinal Bank that its agreement with Britt was signed on June 16, 2003. Cardinal Bank, by letter, advised Britt of its awareness of the controversy between Britt and the owner and requested that Britt reaffirm that the contractor's lien rights were subordinate to those of the bank. The letter was dated August 23, 2004. Britt responded to the bank's request with a letter dated August 27, 2004. It is this response, rejecting the validity of the subordination agreement, which evidences the controversy ripe for judicial intervention. The instant suit was filed on October 29, 2004. An accelerated briefing schedule on the issues raised by the motion was established and a hearing set for December 2, 2004.

Defendant has demurred to the Bill of Complaint. The demurrer will be overruled. Britt asserts that the Court can conclude, as matter of law, that the Agreement relied upon by Cardinal Bank lacks consideration, and that complainant's claim of promissory estoppel is not one cognizable in Virginia.

Promissory estoppel may not serve as a basis for affirmative relief in Virginia. Thus, the Supreme Court has observed, "we hold that promissory estoppel is not a cognizable cause of action in the Commonwealth, and we decline to create such a cause of action." *W. J. Shafer Assoc., Inc. v. Cordant, Inc.*, 254 Va. 514, 521 (1997).

Of this decision one commentator has opined:

> [t]he Court has expressed disapproval of the extent to which counsel try to present simple contract cases as fraud or other tort. The justices may not wish to open another set of floodgates which would require them to decide estoppel issues in every contract case. In any event, although they repudiated what others perceived as a trend, the justices did not specifically overrule any cases by these decisions. Accordingly, there might be a window here and there in the prior jurisprudence.

John L. Costello, *Virginia Remedies*, 293 (Lexis Publishing 2d ed. 1999). Promissory estoppel may arise in other contexts. Thus:

> [a] waiver or release . . . without consideration may sometimes be sufficient when one has thereby been induced to alter his

position to his prejudice. "In order for there to be an estoppel by conduct, the party sought to be estopped must have caused the other party to occupy a more disadvantageous position than that which he would have occupied except for that conduct."

*Georgetown v. Reynolds*, 161 Va. 173, 174 (1933) (authorities omitted).

As the Justice Stephenson noted in *Schafer*, "In *Georgetown*, promissory estoppel was not asserted offensively as an affirmative claim, but was applied defensively to establish consideration for a unilateral contract (a release)." *Schafer* at 516.

The right to file or enforce a mechanic's lien may be waived in whole or in part at any time by any person entitled to the lien. Va. Code Ann. § 43-3(C). Of the need for consideration to support a lien waiver, it has been said:

> [a]lthough a person entitled to a mechanic's lien may waive that right in whole or in part, Code § 43-3(c), the general rule is that an agreement to waive or release a mechanic's lien must be supported by consideration to be valid and binding. . . . Sufficient consideration exists *if the promisee is induced by the waiver to do something that he is not legally bound to do or refrains form doing anything he has a legal right to do, or if the promisee acts in reliance upon the waiver to his detriment.*

*United Masonry, Inc. v. Riggs Nat'l Bank*, 233 Va. 476, 483 (authorities omitted) (emphasis added).

Thus, detrimental reliance may serve as the basis for consideration in the case of a lien waiver. Cardinal Bank has pleaded detrimental reliance in this case.

The Agreement pleaded is under seal. Of such agreements the Supreme Court has said:

> [I]n a contract under seal, a valuable consideration *is presumed* from the *solemnity of the instrument,* as a matter of public policy and for the sake of peace, and presumed *conclusively,* no proof to the contrary being admitted either at law or in equity so far as the parties themselves are concerned.

*Hopkins v. Griffin*, 241 Va. 307, 310, 311 (1991) (authorities omitted).

Cardinal Bank's claim is based upon allegations of detrimental reliance upon a subordination agreement under seal. Such allegations state a cause of action sufficient to overcome the demurrer. Accordingly, the demurrer will be overruled and the defendant is granted ten days to file additional response pleadings. A review of the papers filed thus far would suggest factual differences not ripe for summary adjudication.