## CIRCUIT COURT OF THE CITY OF SALEM

StellarOne Corporation

    v.

SmartStart L.L.C.,
James Muscaro,
and Jeffrey T. Harig

June 28, 2011

Case No. CL1100137-00

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff Creditor filed a Complaint for a monetary judgment against Defendants in the amount of $55,666.94, the remaining balance on a note. Creditor alleges that the note was from Defendant L.L.C. and personally guaranteed by the individual Defendant Guarantors. Defendants jointly filed a counterclaim alleging in one count a breach of fiduciary duty in the foreclosure of property that apparently secured the obligation of Debtor. In another count, Defendants allege that Creditor committed fraud when Creditor's agent assured Defendants that they would work with them, allow late note payments, and not foreclose on the property securing the debt. Defendants claim they relied to their detriment on that promise and suffered a foreclosure of their security, for which they now claim damages. They further allege that they did not receive adequate notice of the foreclosure. Plaintiff demurred to the counterclaim.

This Court does not normally use the word "apparently" when reciting facts. In this case, the necessary facts concerning the pledging of collateral for a loan, the existence of a security agreement and/or deed of trust, and the facts surrounding a foreclosure were not alleged in the counterclaim. The Court assumed some of the facts based on the pleadings, and it heard additional allegations of fact during oral argument.

Plaintiff demurred to the Defendants' counterclaims, arguing that no fiduciary duty existed in the transaction between the parties when Plaintiff loaned money to Defendant L.L.C. in return for the execution of an interest

bearing note that was secured by collateral and guaranteed by the individual Defendants. Plaintiff contends that the transaction created only a lender/borrower relationship between Plaintiff and Defendant L.L.C. and made the individual Defendants guarantors. They claim that Defendants pleaded no written facts concerning the existence of an additional relationship that would create such a fiduciary duty. Plaintiff also argues that detrimental reliance and promissory estoppel are not recognized as causes of action in Virginia and that Defendants are trying to prosecute such actions disguised as something else. They claim that fraud as alleged by Defendants can only arise under duties preexisting a contractual relationship and that no such facts have been alleged in this case. In response, Defendants contend that a fiduciary duty exists and a violation of that duty by Plaintiff has occurred. Defendants assert that, under the circumstances existing in this case, an action for detrimental reliance or promissory estoppel is appropriate, as is their independent fraud count.

### Fiduciary Duties

In support of their argument that a fiduciary duty was owed by Plaintiff Lender to Defendant Borrower and Guarantors, Defendants cite *Greenwood Associates, Inc. v. Crestar Bank*, 248 Va. 265 (1994). In *Greenwood*, defendant lender foreclosed on property securing the debt after promising to forbear with regard to rights concerning the sale of the collateral. In response, plaintiff brought a suit seeking, among other things, an order requiring an accounting from defendant of rents received from the subject property and the disbursement of those funds. The court found that the plaintiff's allegations supported an entitlement to the accounting because defendants were acting in a fiduciary capacity while collecting rent on behalf of defendant. They were not acting as a fiduciary when they were asserting their rights as a creditor.

The case at hand differs from *Greenwood* in that no fiduciary relationship of any sort was created between the Plaintiff Corporation and the Defendant L.L.C. and the individuals alleged to be guarantors. "A fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *H-B, Ltd. Partnership v. Wimmer*, 220 Va. 176, 179 (1979). That means that a fiduciary holds a position of trust and confidence with respect to another's financial or personal benefit. Such a position gives rise to specific duties of good faith and responsibility that are referred to as fiduciary duties. A fiduciary's position is often explained using the example of the duties and obligations of a trustee with respect to the beneficiaries of his trust. There are no facts in this case supporting an allegation that any kind of fiduciary relationship existed between Creditor and Debtor. Reading between the lines, guessing at facts, and assuming that, if real property was

pledged as collateral for the loan and a deed of trust was entered into, then there would have been trustees for that deed of trust. Such a trustee would not be the agent of either party but would have fiduciary duties to both parties. That may be where the mix-up exists in this case.

Defendants also cite *Fleet Finance v. Burke & Herbert Bank & Trust*, 27 Va. Cir. 98 (1992) for the proposition that Plaintiff owes them a fiduciary duty. In *Fleet Finance*, the court sustained a demurrer to a count of breach of fiduciary duty, holding that Virginia law does not impose fiduciary duties on trustees to a deed of trust beyond those duties imposed by the actual terms of the deed of trust. After sustaining the demurrer as to that count, the court immediately discussed how improper notice of foreclosure, under certain circumstances, could amount to fraud. However, that discussion did not relate to the fiduciary duty count and, consequently, has no bearing on the creation of a fiduciary or a fiduciary duty under a deed of trust. In the case at hand, although neither party has offered such an exhibit, the underlying security agreement apparently comes in the form of a deed of trust, and, as in *Fleet Finance*, no fiduciary duties beyond those contained in the deed of trust can be implied.

The final case Defendants cite in support of their breach of fiduciary duty claim is *Wilson v. Miller Auto Sales*, 47 Va. Cir. 153 (1998). That case is simply not applicable to the case at hand as it deals with fiduciary duties between an agent and a principal. Neither Creditor or Debtor in the instant case is an agent or principal of the other, nor does a master/servant relationship exist between them. No fiduciary duty is owed from one to the other under the holding of *Wilson*.

Under the facts as alleged in this case, a fiduciary duty is not owed from Plaintiff to Defendants.

## Fraud

Defendants' counterclaim includes a count alleging fraud and misrepresentation based on the detrimental reliance of Defendants on the statements of one of Plaintiff's agents. During oral argument, but not in the written language of their pleading, Defendants argued that promissory estoppel was a part of their fraud count. In support of that argument, Defendants cited *Cardinal Bank v. Britt Construction, Inc.*, 68 Va. Cir. 520 (2004), and *W. J. Schafer Assoc., Inc. v. Cordant, Inc.*, 254 Va. 514 (1997). Those two cases stand for the proposition that detrimental reliance and promissory estoppel may be asserted defensively to show fraudulent inducement to enter into a contract or as consideration for a unilateral contract. They also stand for the proposition, as very clearly set forth in *W. J. Schafer Assoc., Inc.*, "that promissory estoppel is not a cognizable cause of action in the Commonwealth and we decline to create such a cause of action."

Plaintiff also argues that Defendants' fraud claim sounds in contract and not tort, and therefore is not proper. If:

> [T]he cause of complaint be for an act of omission or nonfeasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contracts, to take due care, and the defendants are negligent, then the action is one of tort.

*Richmond Metro. Auth. v. McDevitt Street Bovis*, 256 Va. 553, 558 (1998).

> It is possible to have both causes of action existing at the same time.

> However, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract.

*Id.* In this case, not only is promissory estoppel argued as part of Defendants' theory of their fraud case, but necessary facts dealing with the fraudulent breach of a common law duty have not been alleged. Accordingly, the Court finds that Defendants have failed to state facts sufficient to sustain their claim for fraud and misrepresentation and have incorrectly argued promissory estoppel.

## Conclusion

For the reasons set forth herein, Plaintiff's demurrer is sustained as to both counts of Defendants' counterclaim. Defendant has twenty-one days from the date of this letter opinion to amend his counterclaim.