# Richmond

## CROGHAN V. WORTHINGTON HARDWARE COMPANY.

### November 20, 1913.

1. CONTRACTS—*Sale of Land—Statute of Frauds—Letter Accepting Offer.*—A letter written by the owner of land, in reply to a written proposal to purchase, saying, "I accept the offer you made me for $1,500 cash," and signed by such owner, is a sufficient compliance with the statute of frauds.

2. PRINCIPAL AND AGENT—*Transmitting Proposal to Principal—Agent for Both Parties.*—An agent to sell land may, with propriety, transmit to his principal for his acceptance or rejection the offer of a proposed purchaser. This is not acting as agent for both parties in the purchase and sale of the land.

Appeal from a decree of the Circuit Court of Rockbridge county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Charles & Duncan Curry,* for the appellant.

*Fitzhugh Elder,* for the appellee.

KEITH, P., delivered the opinion of the court.

The appellant was the owner of a house and lot in Staunton, which she listed with the firm of Tannehill & McCray, real estate brokers, for sale, at the price of $2,000. A short time after the property was placed in their hands, Tannehill & McCray wrote to appellant that they had a cash offer of $1,200 for the property, which she

declined to take, and some time thereafter they again wrote to her, stating that the person who had offered $1,200 had increased his offer to $1,500 cash, and in this letter the real estate agents stated that "the property is in a bad condition, and is full of very bad tenants. Only a few days ago they were up in the police court and heavily fined for keeping a disorderly house. In our opinion, this house will never be very desirable for a residence, and considerable money will have to be spent to make it into a warehouse." ' Relying upon the representation that the property was in bad condition and depreciated in value, she wrote Tannehill & McCray as follows:

"I accept the offer you made me for $1,500.00 cash. Thanking you, I am,

"Respectfully,<br>"MRS. ANNA CROGHAN."

Before the sale was closed, Mrs. Croghan went to Staunton, examined the property and made inquiries about it, and found, as she claims, that the property was not in such condition as the agents had represented; that it was in good condition and repair, and was worth a good deal more money than she had been offered for it, and that on the market, at public auction, it would have brought from $2,200 to $2,500; and she declined to close the sale. Thereupon suit was instituted at the March term, 1913, of the circuit court of Rockbridge county by the purchaser, the Worthington Hardware Company, to compel a specific performance of the contract.

The demurrer and answer of the defendant sets up two defenses: First, that no written memorandum of sale of the real estate in the bill mentioned is shown by the bill. In other words, she relies upon that provision of the statute of frauds which provides that "no action shall be brought

upon any contract for the sale of real estate unless some memorandum or note thereof be in writing and signed by the party to be charged thereby or his agent." At the hearing, however, this ground of defense was very properly abandoned, as the letter from Mrs. Croghan, just quoted, is a sufficient compliance with the statute.

The second ground of demurrer is that Tannehill & McCray were acting as agents both for the complainant and the respondent without it being made to appear from any averment in the bill that they were so acting with the intelligent consent of both complainant and respondent. This defense will be more fully dealt with when we come to consider the proofs in the cause.

A number of depositions were taken by the plaintiff and defendant, with the result that the court entered a decree in accordance with the prayer of the bill, specifically enforcing the contract, and from that decree this appeal was awarded.

Looking to all the facts of the case, we are of opinion that there is no merit in the defense based upon the proposition that Tannehill & McCray were agents for both the buyer and the seller. It is true that in their depositions both Tannehill, one of the agents, and Worthington stated that the real estate firm were the agents of the hardware company, if we look merely to an isolated question and answer; but when their depositions are considered as an entirety, and we perceive just what idea the witnesses mean to convey, it is plain that they merely mean to say that the firm of Tannehill & McCray, who had been employed by appellant to make sale of the property, and with whom she had listed it for sale, were also the agents of the Worthington Hardware Company to this extent, and to this extent only, that they were to transmit the offer of the purchaser for acceptance or rejection to Mrs. Croghan. In this there was no impropriety.

The principal question in this case grows out of the statements in the letter from Tannehill & McCray to Mrs. Croghan, in which they inform her that her property is in bad condition and is full of very bad tenants, who had recently been heavily fined in the police court for keeping a disorderly house. We have carefully considered the evidence bearing upon this matter, and we think that it fully warrants the statements and representations as to the condition of the property in question, and the statement as to the character of tenants by whom it was occupied is fully borne out by the proof.

Upon the whole case we are of opinion that no fraud or imposition was practiced upon Mrs. Croghan, either actual or constructive; that the contract was fairly entered into with a purchaser who was ready, able and willing to comply with its terms, and that the decree of the corporation court specifically enforcing it should be affirmed.

*Affirmed.*