# Richmond

## R. L. REYNOLDS v. MRS. JIMMIE O. DIXON.

January 12, 1948.

Record No. 3281.

Present, All the Justices.

The opinion states the case.

*Arthur E. Smith*, for the appellant.

*John Strickler*, for the appellee.

GREGORY, J., delivered the opinion of the court.

Reynolds, the appellant, instituted a suit in equity against Mrs. Jimmie O. Dixon, the purpose of which was to enforce specifically a contract for the sale of her residence. She interposed a demurrer to the bill of complaint and the chancellor sustained the demurrer and dismissed the suit.

The question presented by this appeal is whether the allegations of the bill of complaint make a case for specific performance. The chancellor decided that Code, sec. 5561 (Michie), commonly known as the statute of frauds, barred the enforcement of the contract for the reason that there was no written contract binding the defendant or "memorandum or note thereof".

In the bill of complaint it was alleged that the defendant was the owner in fee of certain residential real estate located in the city of Roanoke which was described therein by metes and bounds.

It was also alleged that "on the date aforesaid your complainant was the tenant occupying the premises aforesaid by lease agreement with the defendant; that the defendant was making her home and working at Williamsburg, Virginia, and notified your complainant that she was preparing to sell her real estate aforesaid for the sum of $7,000.00 cash and stated that she wished to offer your complainant first opportunity to purchase the said property; that your complainant accepted the offer of the defendant to purchase the aforesaid property at the purchase price of $7,000.00, informing the defendant that it would be necessary to have the property appraised and the title examined in order to secure a loan from the bank; that the defendant agreed and bargained to the terms of the contract and asked your complainant to proceed with the necessary steps to close the transaction;

· "That on April 10, 1946, the defendant wrote your complainant a letter setting forth in detail the contract of the parties, which said letter is attached hereto, marked 'Exhibit A', and made a part of this bill of complaint;

"That your complainant paid the bank for securing an appraisal of the property and received from the bank a con-

firmation of his loan; that on April 17, 1946, the defendant wrote your complainant a letter from Williamsburg, Virginia, withdrawing her offer to sell the aforesaid real estate except at the higher price of $8,500.00; and your complainant, on April 23, 1946, answered the withdrawal letter of the defendant, stating that he considered the contract binding on both parties and was ready, willing and able to perform his part of the agreement."

It was then alleged that the defendant persisted in her refusal to convey the property to the complainant. The prayer of the bill, in part, reads thus:

" * * * that your complainant may be granted specific performance of the contract aforesaid as follows, to-wit: that the said defendant may be required to execute and deliver to your complainant a deed to the aforesaid real estate, your complainant being ready, willing and able to pay the purchase price of $7,000.00; that the defendant may be required to pay the costs of this proceeding; and that your complainant may have such other, further and general relief as the nature of his case may merit or to equity shall seem proper."

The letter referred to in the bill of complaint as Exhibit A, and made a part thereof, is in this language:

"Exhibit 'A'

"Williamsburg Inn

Williamsburg, Virginia

"4-10-46

"Dear Mr. Reynolds:

"Just rec'd a letter from Mrs. Johnson (my niece) stating you were having papers in regard to sale fixed up at your bank.

"I may not get to come to Roanoke to sign papers, but I can put my signature through mail.

"Not that I don't trust you for I am sure you would fix things o.k. but I prefer some of my relatives looking after my business. I have told them what lawyer to consult, etc.

"I think I mentioned to you in phone message that Mr. and Mrs. Johnson would look after the business of the sale for me.

"This first party did not appreciate me letting you have it since they offered me $7,000.00 first. I felt that you should have the refusal of it as you are living there and have been so nice to me, which I do appreciate. I do think you are getting cheap rent, but of course this is all I asked as I was anxious to rent before leaving home.

"I will ask you kindly to let Mr. and Mrs. Johnson to attend to the business, which I am sure will be o.k. with you, at my suggestion.

"Thank you,

"I am, respectfully,

JIMMIE DIXON"

The envelope in which the letter was sent contained these words:

"Williamsburg, Va.
Apr 11
9:30 AM

1946

"Williamsburg Inn
 Williamsburg, Virginia

"Mr. R. L. Reynolds
211 Berkeley Ave., Va. Hts.
Roanoke—15, Virginia"

The demurrer of the defendant which the court sustained reads as follows:

"That no contract in writing as required by section 5561 of the Code of Virginia was ever executed by the defendant, Mrs. Jimmie O. Dixon, and that no enforceable contract for the sale of the property mentioned in the bill of com-

plaint was ever entered into upon which this cause of action can be based."

The pertinent part of section 5561 reads as follows:

"No action shall be brought in any of the following cases * * * . Sixth: Upon any contract for the sale of real estate or for the lease thereof for more than a year * * * unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent; but the consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence."

From the statute it is observed that no action shall be brought upon any contract for the sale of real estate unless such contract or some memorandum or note thereof be in writing and signed by the party to be charged thereby, or his agent.

The statute was founded in wisdom and sound policy. Its primary object was to prevent the setting up of pretended agreements and then supporting them by perjury. There is further a manifest policy of requiring contracts of so important a nature as the sale and purchase of real estate to be reduced to writing since otherwise, from the imperfection of memory and the honest mistakes of witnesses, it often happens either that the specific contract is incapable of exact proof or that it is unintentionally varied from its original terms. It was not intended that the statute should perpetrate frauds. See Digest Va. and W. Va. Reports, (Michie), Vol. 5, page 54.

It is not requisite that the whole contract be in writing, and the memorandum or note thereof need be signed only by the party to be charged thereby. The memorandum relied upon to take the contract out of the operation of the statute must contain the essential terms of the agreement. It need not be formal but may be made in any form. Williston on Contracts, (Rev. Ed.) Vol. 2, p. 1620.

In the very early case of *Johnson* v. *Ronald*, 4 Munf. (18 Va.) 77, the court held that the promise contained in

a letter to make a deed to a tract of land "according to contract" is a sufficient memorandum or note in writing under the statute.

In *Croghan* v. *Worthington Hdw. Co.*, 115 Va. 497, 79 S. E. 1039, the appellant was the owner of a house and lot in Staunton, and she authorized real estate brokers to make sale of it for $2,000. The brokers wrote the appellant that they had a cash offer of $1,500 for the property and she replied by writing that "I accept the offer you made me for $1,500 cash. Thanking you, I am, Respectfully, Mrs. Anna Croghan." The court held that this was a sufficient compliance with the statute.

See also, *Chesapeake, etc., R. Co.* v. *Williams Slate Co.*, 143 Va. 722, at p. 732, 129 S. E. 499.

■ In *Rahm* v. *Klerner*, 99 Va. 10, 37 S. E. 292, it was held: "Whilst it is well settled that a complete contract binding under the statute of frauds may be gathered from letters and writings between the parties, the letters and writings of themselves must show their relation to the contract. If the court cannot ascertain from the letters themselves or from some other writing therein referred to the essential terms of the contract, the writing does not take the case out of the statute."

In 49 Am. Jur., Statute of Frauds, section 321, this is found: "No particular form of language or instrument is necessary to constitute a memorandum or note in writing under the statute of frauds, where the statute does not require that the contract itself be reduced to writing. It is the general rule that a memorandum wholly untechnical in form may be sufficient. It may consist of any kind of writing, from a solemn deed down to mere hasty notes or memorandum in books or papers. A writing charging the other party to the transaction with non-performance of his obligations thereunder may be sufficient. A written recognition of the contract, expressed in one instrument or, in a proper case, in several writings, may constitute a sufficient memorandum, notwithstanding it contains a request for release, a refusal to perform the contract, or a denial of its validity."

■ Then again, under the same subject, at page 635, the rule is stated as follows: "Generally speaking, a memorandum in writing meets the requirements of the statute of frauds that certain contracts shall be evidenced by writing if it contains the names of the parties, the terms and conditions of the contract, and a description of the property sufficient to render it capable of identification. A conveyance, although ineffectual to transfer the title, may be sufficient as a memorandum of the contract to sell if it states the terms of the contract."

■ In determining the sufficiency of the memorandum in writing decisions under one clause of the statute are generally in point for the decision of similar questions under any other clause or section. Williston on Contracts, Rev. Ed., Vol. 2, p. 1617. In *American Surety Co.* v. *Commonwealth*, 180 Va. 97, at pp. 106-107, 21 S. E. (2d) 748, Mr. Justice Eggleston, writing for the court, held the memorandum sufficient as a writing to answer for the debt, default or misdoing of another, and enforceable, when the memorandum consisted only of receipted bills for paid premiums signed by the authorized agent of a surety company.

Counsel for defendant relies upon *Van Dyke* v. *Norfolk So. R. Co.*, 112 Va. 835, 72 S. E. 659, and *Shield* v. *Adkins & Co.*, 117 Va. 616, 85 S. E. 492.

In the first case the contract sought to be enforced and alleged in the bill was incomplete and indefinite. No question was presented involving the statute of frauds, and for this reason it has no bearing on the case at bar.

In the second case there was alleged a parol agreement, partly performed, for the sale of land, and there also was alleged a parol express trust in real estate which was sought to be enforced.

The court, after holding that an express trust in real estate may be created by a parol agreement, then held that from the bill and exhibits filed in the cause it plainly appeared that the complainants had merely set out certain negotiations with Adkins for the purchase of the real estate in question exclusive of the timber, which negotiations never

reached the point at which the minds of the parties met upon all of the essential particulars of the proposed contract. The parol agreement relied on did not possess the required essentials of certainty and definiteness upon which a court of equity would be warranted in enforcing it regardless of the statute of frauds.

Questions of this sort were not involved in the case at bar, for here we have a bill which alleges a parol contract for the sale of real estate, definite and certain in its terms.

■ Tested by the language of the statute and by the construction placed thereon by the authorities to which reference has been made, we conclude that the letter of April 10, 1946, from Mrs. Jimmie O. Dixon to Mr. Reynolds, constituted a sufficient memorandum of the contract between the parties. From the letter it is clear that Mrs. Dixon was the vendor and Reynolds the vendee. The purchase price of the property was agreed to be $7,000.00, which was alleged in the bill to be paid in cash. The demurrer admitting the allegations of the bill admitted the terms therein set out. The description of the property is definite and certain. It is the property that Reynolds was then living in. Mrs. Dixon said in her letter, "I feel that you should have the refusal of it as you are living there." The street number of the property is 211 Berkeley Avenue, Virginia Heights, Roanoke 15, Virginia. From this a sufficient description of the property was obtained and alleged in the bill of complaint, of which there has been no denial, the case here being upon the bill and demurrer.

Nothing remained to be done; the oral contract was complete. Only a sufficient memorandum of it is required. There was sufficient allegation in the bill of complaint of the essential terms.

We therefore conclude that the demurrer should have been overruled. The decree is reversed and the cause is remanded to the trial court.

*Reversed and remanded.*