## CIRCUIT COURT OF SMYTH COUNTY

James Craig Harper

v.

Debra Jo Barrett

July 2, 1987

By JUDGE CHARLES H. SMITH, JR.

This is a relatively simple factual situation that involves a relatively simple issue under the Statute of Frauds. The plaintiff herein allegedly entered into a contract with the defendant, Debra Jo Barrett, on June 7, 1986, for the purchase of her mobile home and 2.67 acres of land surrounding it for the sum of $16,000.00. A memorandum concerning said agreement, dated June 7, 1986, was signed by the defendant. The defendant contends there was no contract and that the memorandum is unenforceable under the Statute of Frauds since it recites no consideration and does not describe with particularity the property to be conveyed.

The applicable provision of the Statute of Frauds is found in Section 11-2(6) of the Code. As quoted by both parties, it provides:

No action shall be brought in any of the following cases . . . .

(6) Upon any contract for the sale of real estate, or for the lease thereof for more than one year . . . .

Unless the promise, contract, agreement, . . . . or some memorandum or note thereof, be in writing and signed by the party to be charged thereby . . . but the consideration need not be set forth or expressed in the writing,

and it may be proved (where consideration is necessary) by other evidence.

The last sentence quoted here is dispositive of the consideration issue. The memorandum, if otherwise sufficient, will not fail for a failure to recite the specific consideration and same can be proven by other evidence.

The remaining question, of course, is whether the description of the property in the memorandum is sufficient. The memorandum was, obviously, hastily and unprofessionally drawn. This, however, does not render it unenforceable. The Statute of Frauds was designed to prevent frauds and not to prevent the execution of otherwise valid contracts.

> No particular form of language or instrument is necessary to constitute a memorandum or note in writing under the statute of frauds . . . It is the general rule that a memorandum wholly untechnical in form may be sufficient. It may consist of any kind of writing, from a solemn deed down to mere hasty notes . . . *Reynolds v. Dixon*, 187 Va. 101 (1948).

The memorandum in question refers only to "the land and trailer" to describe the property being sold. Obviously this does not describe the property with sufficient particularity for identification. Therefore, the question is whether a resort to extrinsic evidence should be allowed. The court is of opinion that such is allowed under several Supreme Court decisions. In *Pavlock v. Gallop*, 207 Va. 989 (1967), the court said:

> In a suit for the specific performance of a contract to sell land, the description of the property must be such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property was intended by the parties to be conveyed thereby. The description need not be given with such particularity as to make a resort to extrinsic evidence (un)necessary. Reasonable certainty is all that is required. Extrinsic proof is allowed in order

to apply, not to alter or vary, the written agreement.

*See also Troyer v. Troyer*, 231 Va. 90 (1986). The court is of opinion that extrinsic evidence can and should be allowed in this instance to apply the writing. Such extrinsic evidence might be parol evidence of the parties' conduct, the surrounding circumstances, and their declarations of intent. It might also include properly authenticated and certified copies of land records in the clerk's office of which this court can take judicial notice. (Section 8.01-389 of the Code.)

The court, therefore, will overrule and dismiss the demurrer and request counsel to set up an evidentiary hearing concerning the matters set out above.