## CIRCUIT COURT OF FAIRFAX COUNTY

Questor Realty, Inc.

v.

Rucker Realtors

July 23, 1991

Case No. (Law) 104010

By JUDGE THOMAS J. MIDDLETON

This cause came to be heard upon the motion for summary judgment filed by the defendant. As discussed below, the motion is denied.

The defendant asserts that the contract claim is barred by the statute of frauds, Va. Code § 11-2(7). The section provides, in pertinent part, that:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases . . . .
> (7) Upon any agreement or contract for services to be performed in the sale of real estate by a [real estate broker or salesperson.]
> The consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence.

Va. Code § 11-2.

The primary purpose of the statute of frauds is:

to prevent the setting up of pretended agreements and then supporting them by perjury. There is further a manifest policy of requiring contracts of so important a nature as the sale and purchase of real estate to be reduced to writing since otherwise, from the imperfection of memory and the honest mistakes of witnesses, it often happens either that the specific contract is incapable of exact proof or that it is unintentionally varied from its original terms. It was not intended that the statute should perpetrate frauds.

*Reynolds v. Dixon*, 187 Va. 101, 106 (1948). The purpose to be served by the statute does not require any *particular* form of writing, but "may consist of any kind of writing, from a solemn deed down to mere hasty notes or memorandum in books or papers." *Id.* at 107. The overriding intent of the statute of frauds is merely to prevent contract claims in certain cases from being manufactured out of whole cloth, and as such "[a] written *recognition of the contract*, expressed in one instrument or, in a proper case, in several writings, may constitute a sufficient memorandum . . . ." *Id.* (emphasis added).

The written evidence presented in this case consists of a series of facsimile transmissions between the plaintiff and the defendant. The first such writing, dated October 1, 1990, and signed by George A. Light begins: "The purpose of this letter is to confirm Rucker Enterprises' agreement with Questor Realty concerning Branch Electric Supply Company and 5255 Port Royal Road."

The next writing, dated October 18, 1990, and also signed by George A. Light states: "Your letter to me dated October 15, 1990, does not reflect our agreement."

Finally, in a writing dated October 23, 1990, and signed by S. Michael Sertz, the defendant stated, in part: "The purpose of this letter is to confirm Rucker Enterprises' agreement with Questor Realty concerning Branch Electric and Mr. Charles Steiner at 5255 Port Royal Road."

It appears from each of the quoted letters, and also from those written by the plaintiff, that both parties stated that an express oral agreement had been reached

between them. The controversy seems to involve a disagreement as to the computations of the commission to be paid by the defendant.

As noted previously, a memorandum of a contract need not state the consideration agreed to, but rather such may be proven by the evidence. The plaintiff must still prove the formation of a valid contract. Nevertheless, the Court is satisfied from the evidence considered that this is not a manufactured claim, and holds that Virginia Code § 11-2(7) does not apply to bar it.

The defendant next argues that to permit recovery on a quantum meruit basis would circumvent the provisions of the statute of frauds. Having ruled that the statute does not bar an express contract claim under the circumstances alleged, the Court also denies the second ground for summary judgment.

The motion for summary judgment is overruled.