62 F.3d 1414
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GE SUPPLY, a Division of General Electric Company, Plaintiff-Appellee,
v.
Richard E. THOMAS; Lois J. Thomas, Defendants-Appellants,
and
Residential Electric, Incorporated, Defendant.
GE SUPPLY, a Division of General Electric Company, Plaintiff-Appellant,
v.
Richard E. THOMAS; Lois J. Thomas, Defendants-Appellees,
and
Residential Electric, Incorporated, Defendant.
 Nos. 94-1395, 94-1559.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 5, 1995.
Decided: Aug. 3, 1995.
 
 ARGUED: Edward Francis Halloran, KEMPSVILLE LAW OFFICES, Virginia Beach, VA, for Appellants.
 Donald H. Clark, CLARK & STANT, P.C., Virginia Beach, VA, for Appellee.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard E. and Lois J. Thomas appeal from the district court's entry of summary judgment in favor of GE Supply, a division of General Electric Company, on an action to enforce a guaranty. GE Supply cross-appeals the district court's subsequent calculation of GE Supply's attorneys' fees pursuant to a provision in the guaranty. For the reasons that follow, we affirm the district court's entry of summary judgment in favor of GE Supply, but reverse and remand the district court's award of attorneys' fees to GE Supply.
 
 I.
 
 2
 This case is before this Court for the second time. See GE Supply v. Thomas, 4 F.3d 985 (Table), 1993 WL 321586 (4th Cir. Aug. 23, 1993). We summarize the factual background and legal reasoning in Thomas I to the extent necessary for an understanding of the present appeal. GE Supply brought this action against Richard E. and Lois J. Thomas alleging that the Thomases had breached a contract of guaranty. In 1979, the Thomases' sons opened a new business, Residential Electric, Inc., (Residential), which they incorporated under the laws of Virginia. To help their sons obtain needed credit to operate the business, the Thomases signed a document entitled "Guaranty" under which the Thomases agreed to be responsible for the debts of the company to GE Supply. When Residential defaulted on its account in 1991, GE Supply sought to enforce the guaranty. The guaranty document signed by the Thomases, however, contained a drafting error. The document specified that GE Supply was providing financial assistance to the Thomases, and not to Residential as the parties had agreed. As the parties recognized, the document was unenforceable because the Thomases seemingly agreed to guaranty financial assistance to their own debts.
 
 
 3
 Accordingly, the primary issue before the district court and this Court on the first appeal was whether the equitable remedy of reformation of the agreement was properly applicable to allow recovery for GE Supply.[1] The district court denied reformation, reasoning that "the evidence is not clear and convincing that these people did any more ... than sign for their sons to get a line of credit for $5,000 for Residential Electric and that there has just been no showing that this was a guaranty in favor of GE Supply for all these debts of Residential Electric." We disagreed with the district court, holding as follows:
 
 
 4
 The Thomases have conceded that they agreed to a guaranty. The district court evidently believed that granting reformation would be unjust because the Thomases would be liable for a larger amount than that which they agreed. However, it would be equally unjust to prevent GE Supply from obtaining the benefits of the conceded agreement, whatever those benefits may be. The district court should have determined whether reformation was appropriate and then interpreted the reformed agreement under the appropriate rules of contract construction. We conclude that the district court erred when it refused to reform the guaranty to reflect that GE Supply was providing financial assistance to Residential Electric, and not the Thomases.
 
 
 5
 Thomas I, 1993 WL 321586, * 2.
 
 
 6
 After concluding that the district court had erred in its reasoning concerning reformation, we briefly discussed those issues which we expressly left for the district court to address on remand. First, and most importantly, there was a question as to the meaning of the following phrase typed at the top of the agreement: "Note: Five Thousand Dollar ($5,000) per month limit and not to exceed." The parties disagreed as to whether the phrase was ambiguous and whether the phrase was included in the agreement. As we stated, in light of our ruling on reformation, it would be more appropriate for the district court to have the first opportunity to rule on the issue on remand. Second, we held that any challenges made by the Thomases as to the guaranty's enforceability, including whether the reformed guaranty was enforceable under the statute of frauds, was best left for the district court to address in the first instance.
 
 
 7
 On remand, on February 22, 1994, the district court conducted a pretrial hearing on GE Supply's motion for summary judgment. The district court granted the motion from the bench, addressing a number of points in its ruling. First, the district court acknowledged that this Court had ruled as a matter of law that the agreement should be reformed, at least to the extent that the name of Residential Electric should replace that of the Thomases. Second, the district court addressed whether the reformed guaranty was enforceable under the statute of frauds, as left open by this Court in Thomas I. The district court ruled that the reformation effectively remedied any statute of frauds problems with the agreement. Third, the district court addressed the other issue this Court left open in Thomas I: whether the phrase, "Note: Five Thousand Dollar ($5,000) per month limit and not to exceed," was clear and unambiguous. The district court stated:
 
 
 8
 I can in no way find this language ambiguous. I mean, it is what it is, and it is typed on here, and it says $5,000 per month limit and not to exceed. If it were simply a $5,000 limit, then it should have said $5,000 limit and not to exceed. And as [counsel for the Thomases] has pointed out, you have to endeavor to give each word meaning. And I can't give it any meaning other than $5,000 per month limit and not to exceed.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 So as a matter of law, I rule that this note on this guaranty is clear and unambiguous on its face. It means $5,000 per month limit and not to exceed, and there is no other ruling the court can make.
 
 
 12
 (J.A. 517.) Because the district court found the phrase to be clear and unambiguous, it ruled that there was no reason to admit parol evidence on the issue.
 
 
 13
 Fourth, the district court addressed the Thomases' argument that there was never really any contract. The Thomases' theory below was that the guaranty was not a guaranty at all; instead, it was simply an offer for which there was a counter-offer, but no acceptance. The district court disagreed, holding as a matter of law that there was a contract because: (1) there was no dispute of fact that the guaranty was initially drafted by GE Supply and presented to the Thomases, which Ms. Thomas (by her own testimony) admitted signing--accordingly, there was an offer and an acceptance; (2) there was no question as to the applicability of the portion added to the top of the agreement (the $5,000 per month language) because, even if it were added later by GE Supply, it favored the Thomases (for without the added language, the Thomases had signed an unlimited guaranty and would have been liable for an even larger amount of money); (3) even if the added language were a counter-offer limiting the guaranty to $5,000 per month, GE Supply accepted the counter-offer by its subsequent performance. Accordingly, the district court found a clear and unambiguous contract, and nothing left for the jury to decide.
 
 
 14
 With summary judgment granted in favor of GE Supply, the district court entered an order of judgment in the following amounts: (1) $58,753 in contractual damages, jointly and severally, against the Thomases; and, (2) $35,912 against the Thomases in interest earned under the guaranty beginning on October 1, 1990. Thus, the district court awarded GE Supply a total of $94,665 plus post-judgment interest. The Thomases filed a timely notice of appeal on March 22, 1994.
 
 
 15
 The story at the district court level does not end here, however, because one issue remained before the district court: an award of attorneys' fees pursuant to a provision contained in the guaranty to GE Supply. On February 28, 1994, GE Supply filed its motion for attorneys' fees with numerous affidavits as to specific costs attached. The attorneys' fees sought in this case break down into two categories: (1) the Georgia law firm of Hotz & Associates, P.C., sought fees and expenses totalling $32,251.11; and, (2) the Virginia law firm of Clark & Stant, P.C., sought fees and expenses totalling $45,818.15. On March 18, 1994, the district court issued an order granting in part and denying in part the motion. As to the fees and expenses of Hotz & Associates, the district court denied any award of fees because the fees claimed needlessly duplicated those claimed by Clark & Stant and because the legal work completed did not turn on questions of Georgia law. As to the fees and expenses of Clark & Stant, the district court awarded $22,000 in costs and fees. The district court offered the following rationale in support of its ruling: (1) the three attorneys for Clark & Stant each charged the same rate ($125/hour) regardless of experience and expertise, indicating a lack of reasonable fees; and (2) the number of hours seemed exorbitant in light of the simple nature of the case and amount of money sought.
 
 
 16
 On March 28, 1994, GE Supply filed a motion for reconsideration of the fee award, but only as to those fees awarded to Clark & Stant. The district court denied the motion. First, the district court rejected GE Supply's argument that the court had improperly relied on federal court cases, reasoning that it looked to these cases only for their persuasive value and not as binding. Second, the district court held that Clark & Stant failed to convince the court in its motion for reconsideration that the fees and hours were not excessive. On April 25, 1994, GE Supply filed a timely notice of appeal as to the district court's award of attorneys' fees relating to Clark & Stant.[2]
 
 II.
 
 17
 We turn first to the Thomases' appeal from the district court's entry of summary judgment in favor of GE Supply. We review the district court's grant of a motion for summary judgment de novo. Nguyen v. CNA, 44 F.3d 234, 236 (4th Cir.1995).
 
 
 18
 The Thomases' first argument contests the manner in which the district court interpreted this Court's opinion in Thomas I on remand. The Thomases take the position that this Court made:
 
 
 19
 no final determination of fact aside from the finding that a mutual mistake by the parties had been proven. The decision did not reverse any finding of law. Contrary to the district court's view of the opinion, [the Court of Appeals] did not grant reformation as a matter of law [in Thomas I ]. If it had, remand may well have not been necessary.
 
 
 20
 Appellant's Brief at 11. We disagree with both the Thomases' analysis of our prior opinion as well as with the conclusion they draw. For example, after reversing the district court's determination that reformation was unnecessary, we stated: "We conclude that the district court erred when it refused to reform the guaranty to reflect that GE Supply was providing financial assistance." Thomas I, 1993 WL 321586, * 2. Furthermore, near the close of the opinion, we stated: "Accordingly, we vacate the district court's judgment for the Thomases on GE Supply's breach of contract claim and remand for further proceedings." Id. In short, we reversed the district court's determination on the reformation issue as a matter of law--the opposite of the Thomases' position on this appeal. Our decision to remand the case after ruling on the reformation issue was to allow the district court to address those unresolved issues.
 
 
 21
 Second, the Thomases argue that the district court erred in ruling that the Virginia statute of frauds was satisfied in this case, stating two reasons the document fails to satisfy the statute: (1) the agreement relied upon by GE Supply was not signed by GE Supply at any place on the document; and, (2) there was no meeting of the minds as to all essential elements of the proposed guaranty because GE Supply never agreed to what the Thomases characterize as Mr. Thomas' addition of the $5,000 limit.
 
 
 22
 We disagree with both of the Thomases' arguments. As to the signature argument, the law is well settled that only the signature of the party against whom the agreement is being enforced is required. Indeed, the statute makes this clear: "Unless a promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought...." Va.Code Ann. Sec. 11-2 (Michie 1993). Here, there is no question that the Thomases signed the agreement and are the parties against whom the contract is being enforced. See Falls v. Virginia State Bar, 397 S.E.2d 671, 673 (Va.1990) (discussing statute of frauds requirement that the document be "signed by the party to be charged" in the context of an employee manual). As to their second argument concerning mutual assent to all essential elements of the contract, the Thomases specifically argue that there was disagreement as to the meaning of the added limitation sentence and that there was an oral agreement for $5,000 per month, not to exceed a total of $5,000. The Supreme Court of Virginia recently discussed the statute of fraud's requirements as applied specifically to guarantees:
 
 
 23
 To satisfy the statute of frauds, a writing must contain the essential terms of the agreement it memorializes. Reynolds v. Dixon, 187 Va. 101, 106, 46 S.E.2d 6, 8 (1948). With respect to a guaranty agreement, the statute of frauds requires that the nature and extent of the undertaking, including the promise to pay the debt of another, appear on the face of the writing or the agreement is not enforceable. American Indus. Corp. v. First & Merchants Nat'l Bank, 216 Va. 396, 399, 219 S.E.2d 673, 676 (1975). These essential terms of the agreement must be obvious on the face of the writing without recourse to parol evidence. Rahm v. Klerner, 99 Va. 10, 14, 37 S.E.2d 292, 293 (1900).
 
 
 24
 Janus v. Sproul, --- S.E.2d ---, ---, 1995 WL 341750, * 1 (Va. June 9, 1995). Here, the district court carefully and correctly stated that, even viewed in the light most favorable to the Thomases, (1) the $5,000 limit statement on the guaranty was obvious on its face in limiting the Thomases' liability to $5,000 per month, and (2) even if there were some question about who added the limitation statement, GE Supply accepted the limitation by its performance of the agreement. As we are in agreement with the district court's reasoning concerning the statute of frauds, we reject this portion of the Thomases' challenge.
 
 
 25
 Third, the Thomases maintain that the district court erred in granting summary judgment because there was a material issue of fact in dispute concerning whether the acts of GE Supply in managing the loan released their surety obligation. Specifically, the Thomases argue that GE Supply's delay in collecting from the principal, Residential, released them from the agreement. The Thomases argue that the district court erred by taking the release issue away from the jury. GE Supply responds that in paragraph 2 of the guaranty, the Thomases specifically waived notice of default by Residential; presentment, protest and demand; and, notice of protest and demand. Furthermore, it argues that in paragraph 3 of the agreement the Thomases agreed to remain bound, notwithstanding the extension of time of performance to Residential. We agree with GE Supply and the district court's holding that, as a matter of law, the Thomases waived their suretyship defenses in the plain language of the agreement. See Berry v. Klinger, 300 S.E.2d 792 (Va.1983).
 
 
 26
 Finally, the Thomases argue that the district court erred in finding that the provision stating "Note: Five Thousand Dollar ($5,000) per month limit and not to exceed" was clear and unambiguous. Under Virginia law, "[w]hen the terms of a contract are clear and unambiguous, the terms will be given their plain and ordinary meaning." Marina Shores, Ltd. v. Cohn-Phillips, Ltd., 435 S.E.2d 136, 138 (Va.1993) (citing Marriott Corp. v. Combined Properties, 391 S.E.2d 313, 316 (1990)); see also Riggs Nat'l Bank of Washington, D.C. v. Linch, 36 F.3d 370, 374 (4th Cir.1994) (applying Virginia law). The Thomases argue that the parties really meant to create an agreement by which the Thomases' liability was to be $5,000 per month, but not to exceed $5,000 total liability. Unfortunately, the Thomases offer no convincing argument to explain the plain meaning of the words "per month limit," and we can see none. In short, we can find no error in the district court's interpretation of the guaranty.
 
 
 27
 Accordingly, we affirm the district court's grant of summary judgment in favor of GE Supply as to liability.
 
 III.
 
 28
 Next, we turn to GE Supply's appeal from the district court's orders granting Clark & Stant $22,000 in attorneys' fees and expenses. The guaranty stated the following concerning attorneys' fees:
 
 
 29
 The undersigned does hereby agree to pay reasonable attorneys' fees and all other costs and expenses which may be incurred by the Company in the enforcement of this guaranty.
 
 
 30
 (J.A. 474.) As the Supreme Court of Virginia has made clear, "[w]here, as here, the contracts provided for attorney's fees, but did not fix the amount thereof, a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case." Mullins v. Richlands National Bank, 403 S.E.2d 334, 335 (Va.1991) (citing Beale v. King, 132 S.E.2d 476, 478 (Va.1963)). Furthermore, "[i]n determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." Id. We review the district court's calculation of attorneys' fees for an abuse of discretion. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992).
 
 
 31
 Based upon both the district court's initial order on attorneys' fees and order on the motion for reconsideration, the district court essentially reduced Clark & Stant's requested fees for the following reasons: (1) the three attorneys for Clark & Stant each charged the same rate ($125/hour) regardless of experience and expertise, indicating a lack of reasonable fees; and (2) the number of hours seemed exorbitant in light of the simple nature of the case and amount of damages sought (i.e., the maximum amount recoverable for GE Supply was never in dispute and Clark & Stant should have acted accordingly).
 
 
 32
 GE Supply makes two arguments on appeal. First, GE Supply maintains that the district court erred in granting only $22,000 in fees because it improperly applied (and relied upon) a federal law analysis of proper attorneys' fees, as opposed to Virginia law, in determining that the attorneys' fees submitted in this case were unreasonable. Second, even if federal law were applicable, GE Supply argues that the district court erred in its application of the case law here.
 
 
 33
 GE Supply's first argument need not detain us long. The district court, as it stated in its denial of the firm's motion for reconsideration, did not "rely" on federal law in reaching its decision:
 
 
 34
 Plaintiff complains that the court incorrectly applied federal law in determining the fee award. Plaintiff misinterprets the court's order. The court awarded fees under Virginia law, which requires that such awards be "reasonable." The court, as explained in the initial Memorandum Opinion and Order, simply used the federal cases to help examine the definition of "reasonableness."
 
 
 35
 (J.A. 686.) In short, the district court rejected Clark & Stant's interpretation of its prior memorandum opinion and stated clearly the correct manner in which it looked to federal law: as a persuasive, nonconflicting guide in interpreting reasonable fees under Virginia law. In fact, the original memorandum order does an admirable job of making this point clear:
 
 
 36
 Federal cases stating general principles regarding how to decide on the amount of an attorney fee award can be applied to this case, as they flesh out the meaning of "reasonable," and are not in conflict with the Virginia cases.
 
 
 37
 (J.A. 641, n. 1) (emphasis added).
 
 
 38
 GE Supply's second argument concerning the district court's application of the case law here, however, fares better. Most importantly, at oral argument, the parties made clear that the Thomases were not contesting the reasonableness of the amount charged or the number of hours spent in performing GE Supply's legal work. Furthermore, the record demonstrates that Clark & Stant and GE Supply entered into a "blended" rate agreement, under which the law firm charges a uniform rate for both partners and associates working on the project.[3] Here, after GE Supply rejected an initial proposal of $150 per hour, the parties agreed that the law firm would be compensated at the blended rate of $125 per hour.
 
 
 39
 The district court based both its orders concerning attorneys' fees on the mistaken assumption that hourly fees not varied according to the experience of the respective attorneys indicate an unreasonable fee. While we take no position on the general wisdom of using a blended rate arrangement in providing legal services, we find nothing in the record to indicate that such an arrangement indicated an unreasonable hourly rate in this case. Indeed, all of the affidavits submitted by GE Supply indicate that the rate charged through the blended fees was at or below the prevailing market rate in the area. (J.A. 676.) Furthermore, the record contains no indication that the legal fees contracted for were conceived for the purpose of a fee petition. In short, the fee arrangement, the record, and the Thomases' decision not to challenge the rate charged, demonstrate that the district court abused its discretion in finding Clark & Stant's hourly billing rate unreasonable in this case.
 
 
 40
 Likewise, our review indicates that the number of hours expended by Clark & Stant on the case was reasonable, and that the district court abused its discretion in finding otherwise. The affidavits in support of Clark & Stant's fees make clear that various events made this litigation more complex and lengthy than first envisioned: a counterclaim filed by the Thomases for abuse of process; a Rule 11 motion for sanctions; discovery motions relating to the case; and, a successful appeal to this Court. Furthermore, the Thomases, once again, do not challenge the reasonableness of the hours expended by Clark & Stant in bringing this litigation. Therefore, we also conclude that the district improperly found that the hours expended by Clark & Stant were unreasonable in this case.
 
 
 41
 Accordingly, we conclude that the district court abused its discretion in rejecting the attorneys' fees application. The parties agree to the calculation of the fee award sought by GE Supply, $45,818.45, and we see nothing in the fully developed record indicating that this specific calculation is in error. Therefore, we see no reason to remand the case for further consideration of reasonableness of the fee award calculation, and simply remand to the district court award attorneys' fees in the amount of $45,818.45, plus any appropriate interest on that amount or legally recoverable fees incurred since the time of the original motions.
 
 IV.
 
 42
 For the reasons stated above, the decision of the district court is affirmed except as to the award of attorneys' fees to GE Supply concerning the work of Clark & Stant. As to that award, we reverse and remand to the district court to award attorneys' fees and to conduct any further proceedings not inconsistent with this opinion.
 
 
 43
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 [1]
 We note that the Thomases filed a counterclaim for abuse of process against GE Supply. The district court directed a verdict on the counterclaim for GE Supply. This Court upheld the district court's ruling. Thomas I, 1993 WL 321586, * 2. That claim has no effect on this appeal
 
 
 [2]
 GE Supply did not appeal the district court's denial of attorneys' fees to Hotz & Associates
 
 
 [3]
 The purported advantage of a blended rate agreement lies in creating an incentive on the part of the law firm to shift the volume of work to associates who normally would bill at a lower hourly rate