**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| BETA DATA SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N13C-12-268 EMD |
| | ) | |
| VERIZON FEDERAL, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

Submitted: January 8, 2015
Decided: February 23, 2015

*Upon Consideration of Plaintiff's Motion to Amend Complaint*
***GRANTED in part*** and ***DENIED in part***

Lawrence Harbin, Esquire, Harbin & Hein PLLC, Washington, District of Columbia and Xiaojuan Carrie Huang, Esquire, Wilmington, Delaware *Attorneys for Plaintiff*.

Sean F. Murphy, Esquire, and Christopher L. Harlow, Esquire, McGuireWoods LLP, McLean, Virginia and Gregory P. Williams, Esquire, and Chad M. Shandler, Esquire, Richards, Layton & Finger, P.A., Wilmington, Delaware *Attorneys for Defendant.*

**DAVIS, J.**

### I.     INTRODUCTION AND PROCEDURAL HISTORY

This is a breach-of-contract action brought by Plaintiff Beta Data Services, Inc. ("Beta Data") against Defendant Verizon Federal, Inc. ("Verizon"). Beta Data seeks unpaid amounts charged to Verizon under a purported retroactive increase in billing rates for subcontractor services. Beta Data alleges that Verizon was incorrectly billed at a lower, five-year contract rate as opposed to Beta Data's higher, month-to-month rate. Beta Data contends that it charged the

lower rate because the parties intended to enter into a five-year written agreement that was never formally executed by the parties.

In the Complaint, Beta Data seeks $4,815,941.86 in damages. Beta Data contends that this amount represents the difference between Beta Data's higher, month-to-month rate and the amounts originally invoiced. Beta Data alleges that the amounts originally invoiced were improperly billed to Verizon under the lower, five-year rate.

On March 13, 2014, Verizon filed a motion to dismiss. The Court held a hearing on the matter on May 19, 2014. At the hearing, Beta Data discussed potentially raising claims of fraud or detrimental reliance. The Court advised Beta Data that if it wished to proceed based on either of those theories, Beta Data must file an amended complaint raising those claims. Thereafter, the Court denied Verizon's Motion to Dismiss in an opinion dated August 26, 2014 (the "August Opinion").[1] At that time, the Court held that Virginia has the most significant relationship to this action and applied Virginia law when ruling on Verizon's Motion to Dismiss. The Court set out the facts of this case in detail in the August Opinion and will not repeat those facts in this decision.

On December 12, 2014, Beta Data filed Plaintiff's Motion to Amend Complaint (the "Motion") adding Count II (Fraud and Deceit), Count III (Detrimental Reliance), and Count IV (Breach of Five-Year Oral Agreement). On December 30, 2014, Verizon filed its Opposition to Motion to Amend Complaint (the "Response"). A hearing was held on the Motion on January 5, 2015, at which time the Court reserved decision and gave Beta Data leave to file a reply. On January 8, 2015, Beta Data filed Plaintiff's Reply to Verizon's Opposition to Motion to Amend (the "Reply").

---

[1] *Beta Data Services, Inc. v. Verizon Federal, Inc.*, C.A. No. N13C-12-268, 2014 WL 4219599 (August 26, 2014 Del. Super. Ct.)

Verizon makes a number of arguments in support of the Response. Verizon first contends that Count II (Fraud and Deceit) and Count IV (Breach of Five-Year Oral Agreement) are barred by Virginia's two year statute of limitations for fraud claims. Second, Verizon claims that Count III (Detrimental Reliance) should be dismissed because it is not a recognized cause of action in Virginia. Third, Verizon argues that Count IV (Breach of Five-Year Oral Agreement) is void under the statute of frauds.

Beta Data addresses each of Verizon's arguments in the Reply. Beta Data contends that Count II (Fraud and Deceit) is not barred by the statue of limitations as several alleged acts of fraud occurred within the statute of frauds period. Beta Data argues that Maryland law should apply to Count III (Detrimental Reliance). As to Count IV (Breach of Five-Year Oral Agreement), Beta Data contends that the longer three-year statute of limitations period applies to breach of oral contracts, and that the doctrine of equitable estoppel precludes a statute of frauds defense.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the truthfulness of all well-pleaded allegations in the complaint is to be assumed.[2] The Court must take all well-pled allegations as true and all reasonable inferences must be made in favor of the non-moving party.[3] Further, the Court must give the pleader the benefit of all reasonable inferences that can be drawn from its pleading.[4] Leave to amend a complaint should be freely granted and denied only when the

---

[2] *Grobow v. Perot,* 539 A.2d 180, 187 (Del. 1988).
[3] *Vaughn v. Jackerson*, 2013 WL 6667752 at *2 (Del. Super. Ct. Dec. 18, 2013).
[4] *In re USACafes, L.P. Litig.,* 600 A.2d 43, 47 (Del. Ct. Ch. 1991).

proposed amended pleading is futile.[5] An amended complaint is futile when the amended claims are subject to dismissal under Superior Court Civil Rule 12(b)(6).[6]

### III. DISCUSSION

### A. Count II (Fraud and Deceit)

Beta Data alleges in Count II (Fraud and Deceit) that during a telephone conversation on April 29, 2010, between Dan Litts, contract manager at Verizon, and Darcy Prather, Vice President for Beta Data, Dan Litts specifically represented that it wanted the lowest billing rate and that it would execute and forward to Beta Data a 5-year written subcontracting agreement. In response to that conversation, Beta Data sent a confirmation e-mail confirming the billing rate of the five-year service agreement and waiving a $150,000 setup and transition fee. Despite Beta Data's requests between April 29, 2010 and May 4, 2011, and Verizon's alleged repeated representations that it would execute and forward to Beta Data the five-year written service agreement, Beta Data and Verizon never executed a written agreement. On May 4, 2011, Verizon informed Beta Data that Beta Data's services would be provided on a month-to-month basis.

Beta Data alleges that the representations made in the April 29, 2010 phone call were knowingly false when made. The representations concerned a material fact, and that Verizon allegedly made the representations with the intent of inducing Beta Data to rely on such representation and provide services at the lower monthly billing rate. That Beta Data relied on the representations, and the reliance was reasonable and justified, and that as a direct and proximate result of that reliance Beta Data has suffered damages in the amount of $4,815,941.86 plus $150,000 set up transition fee.

---

[5] *Price v. E.I. DuPont DeNemours & Co.*, 26 A.3d 162, 166 (Del. 2011).
[6] *Id*.

4

Additionally, in the Reply, Beta Data states that Verizon assured Beta Data that it would indeed sign a written five-year contract for Beta Data's services on or about June 6, 2011. Verizon allegedly repeated these representations on September 25, 2012 and November 14, 2012. Beta Data states that these representations lulled it "into a false sense of security with assurances that it would forward the five-year written contract."

Verizon contends that Beta Data's claim for Fraud and Deceit is barred by the statute of limitations. In Virginia, the statute of limitations for fraud is two years and accrues on the date the fraud is discovered or by the exercise of diligence should have been discovered.[7] The Court notes that tolling of the statute of limitations may be at issue in this case. However, Verizon and Beta Data fail to address in the Response and the Reply those circumstances under Virginia law where a statute of limitations may or may not be tolled. As such, it is not at all clear to the Court whether or not Verizon's alleged assurances on June 6, 2011, September 25, 2012 and November 14, 2012 tolled the statute of limitations. The Court notes that it is the responsibility of the litigants to provide the supporting authority for the arguments made in their briefs. The Court is not obligated to "unearth the law" (especially the law from another jurisdiction) on this issue and construct the arguments that should or should not be made in support of the relief sought.[8] Should Verizon (or Beta Data) wish to revisit this argument, it is free to do so on a motion for summary judgment or alike. However, at this point, taking all of Beta Data's well-pled allegations as true and all reasonable inferences in favor of Beta Data, the Motion is granted as to Count II (Fraud and Deceit).

---

[7] Va. Code §§ 8.01-243(A) and 8.01-249.

[8] *Gonzalez v. Carballo*, No. 07C-06-225 2008 WL 4902686 at *3 (Del. Super. Ct. Nov. 12, 2008).

5

**B.      Count III (Detrimental Reliance)**

Beta Data asserts a detrimental reliance claim in Count III (Detrimental Reliance).  In support, Beta Data alleges that (1) it relied on the representations and promises of Verizon that it would execute a written subcontracting agreement for 5 years, (2) Beta Data's reliance caused it to incur costs and obligations that it would not otherwise have incurred, (3) Verizon should have known that Beta Data would rely on its representation to execute a 5-year contract, and (4) as a result of Beta Data's reliance it suffered damages in the amount of $4,815,941.86 plus $150,000 set up transition fee.

In the Response, Verizon contends that "detrimental reliance" is more commonly referred to as promissory estoppel in Virginia.[9]  In addition, Verizon provides that the Virginia Supreme Court held that "promissory estoppel is not a cognizable cause of action in Virginia."[10]

Beta Data concedes that "detrimental reliance" is not a recognized cause of action in Virginia, and argues that, for just this one count, the Court should apply Maryland law.  This Court has already held that Virginia has the most significant relationship to this action and that Virginia law will apply in this matter.  As such, the Motion is denied as to Count III (Detrimental Reliance).

**C.      Count IV (Breach of Five-Year Oral Agreement)**

Beta Data asserts a breach of an oral agreement in Count IV (Breach of Five-Year Oral Agreement).  Beta Data alleges that Verizon orally promised on April 29, 2010, that it would enter into a five-year agreement with Beta Data, that the oral promise was made with fraudulent intent to deceive and was known to be false by Verizon, that Verizon knew that Beta Data would

---

[9] *U.S. Borax Chem. Corp. v. Szmokaluk*, 1981 WL 404963, at *6 (Del. Super. Ct. June 23, 1981).
[10] *W.J. Shafer Assocs., Inc.,* 254 Va. 514, 521 (Va. 1997).

rely on the oral promise and that Beta Data did reasonably and justifiably rely on the oral promise, and as a result of the reliance Beta Data suffered damages.

Verizon contends that Beta Data's claim is barred by the two-year statute of limitations for fraud claims, and by the statute of frauds.

In Virginia, the statute of limitations for bringing actions for a breach of an oral contract is three years, [11] not the two years allowed for fraud. As the Court discussed in its previous opinion, the earliest that Beta Data could have known of a breach of contract claim was May 4, 2011. Beta Data filed its Complaint on December 30, 2013. As such, Count III will not be barred by the statute of limitations.

Under Virginia law, a contract within the ambit of the Statute of Frauds is not *void ab initio,* but cannot be enforced.[12] The statute is procedural or remedial in nature and is concerned, not with the validity of the contract, but with its enforceability.[13] The object of the Statute of Frauds is to prevent frauds and perjuries, and not to perpetrate them, so that the statute is not enforced when to do so would cause a fraud and a wrong to be perpetrated.[14] The doctrine of equitable estoppel may preclude a statute of frauds defense in this case. Four elements must be met to establish equitable estoppel: (1) a representation; (2) reliance; (3) a change of position; and (4) detriment.[15] All four elements are present in Beta Data's allegations. Verizon allegedly represented to Beta Data that it would execute a five-year contract, Beta Data relied on this representation and charged the lower rate for services, thereby and as a result Beta Data has

---

[11] Va. Code § 8.01-246(4).

[12] *Guzy v. Hoban*, No. CH96-3783  43 Va. Cir. 33 at *2 (Cir. Ct. Va. April 23, 1997); *Burruss v. Hines,* 94 Va. 413, 419 (1897).

[13] *Guzy*, 43 Va. Cir. 33 at *2; *Brow v. Valentine,* 240 F. Supp. 539 (W.D. Va. 1965).

[14] *Guzy*, 43 Va. Cir. 33 at *2; *Reynolds v. Dixon,* 187 Va. 101 (1948).

[15] *Guzy*, 43 Va. Cir. 33 at *2; *Tidewater Beverage Services, Inc. v. Coca Cola Co., Inc.,* 907 F.Supp. 943 (E.D.Va.1995).

7

suffered damages. As such, the Motion is granted as to Count IV (Breach of Five-Year Oral Agreement).

### IV. CONCLUSION

For the foregoing reasons Plaintiff's Motion to Amend Complaint is **GRANTED** as to Count II (Fraud and Deceit) and Count IV (Breach of Five-Year Oral Agreement) and **DENIED** as to Count III (Detrimental Reliance).

**IT IS SO ORDERED.**

/s/ *Eric M. Davis*
Eric M. Davis
Judge